Virginia BLUMENSAADT, Plaintiff,

v.

STANDARD PRODUCTS CO.,
Defendant.

No. 89CV7087.

United States District Court,
N.D. Ohio, W.D.

Oct. 18, 1989.

Virginia Blumensaadt, Port Clinton, Ohio, pro se.

Richard H. Bamberger, James R. Wooley, Baker & Hostetler, Cleveland, Ohio, for defendant.

## OPINION AND ORDER

WALINSKI, Senior District Judge.

This cause is before the Court on defendant, The Standard Products Company's ("Standard"), motion for summary judgment and plaintiff, Virginia Blumensaadt's, opposition thereto. Jurisdiction is based upon 42 U.S.C. § 2000e et seq. For the following reasons defendant's motion is well taken.

## FACTS

Plaintiff began working for Standard as an hourly employee on June 16, 1975. The terms of plaintiff's employment were governed by the union's collective bargaining agreement in effect at that time.

On February 11, 1989 plaintiff's employment was terminated due to alleged falsification of Standard medical insurance claim forms. Briefly, false claim forms were submitted to Standard which attempted to illustrate that plaintiff had paid certain bills and thus had a right to reimbursement. In accordance with Standard's policy plaintiff was thereafter reimbursed for about $13,000.00. However, those payments were in fact never made. Therefore, Standard claimed that plaintiff had defrauded the company in the amount of $13,000.00.

Plaintiff, thereafter, initiated her right to a grievance procedure under the bargaining agreement. This proceeded to the last step, mediation. The mediator recommended that plaintiff's discharge be adjusted to a five-month suspension without pay. This was due in part to the fact that plaintiff's husband, not plaintiff, signed and submitted the falsified claims and cancelled checks. The mediator's recommendation of reinstatement had certain conditions attached. Those conditions required plaintiff to personally process and sign all of her medical claim forms in Standard's personnel office. In addition, the mediator recommended that plaintiff pay restitution for the false claims. Standard chose to accept the mediator's recommendation. As such, on July 11, 1989, Standard offered to reinstate plaintiff and the new terms of her employment were explained to her. At that time, plaintiff and her union accepted the terms of her conditional reinstatement.

During the following fifteen months Standard repeatedly cautioned plaintiff about her failure to follow the conditions of her reinstatment. Apparently, plaintiff was not personally signing and processing her medical forms in defendant's office. As a result, on October 21, 1988 plaintiff was permanently discharged.

Once again plaintiff followed the grievance procedure through to mediation. In his decision dated July 13, 1989 the mediator affirmed the discharge.

Plaintiff claims that an employee by the name of Calvin Biggert was hired to replace her after discharge. However, defendant points out that Mr. Biggert was hired months before plaintiff's first discharge and laid off before plaintiff's second discharge.

Plaintiff's Title VII claim alleges discrimination against females in general in Standard's military department. Moreover, plaintiff alleges that she was fired, on Oc-

tober 21, in direct retaliation for filing a previous discrimination charge with the Equal Employment Opportunity Commission twenty months earlier.

In her second claim plaintiff asserts that she was treated adversely on the job due to her age and in violation of the age discrimination laws. Plaintiff is forty-two years of age.

Plaintiff has attempted to admit certain testimony with this Court in an effort to oppose defendant's motion for summary judgment. Plaintiff states that due to limited financial resources, she will not file various depositions with the Court. Instead, plaintiff summarizes pertinent topics in her own words. Since a summary judgment opposition must go beyond the pleadings and mere allegations, plaintiff's summarization will not hold the same weight as the objective testimony itself.

## DISCUSSION

Rule 56, Fed.R.Civ.P., directs the disposition of a motion for summary judgment. In relevant part Rule 56(c) states:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

■■■ The Court's function in ruling on a motion for summary judgment is to determine if any genuine issue exists for trial, not to resolve any factual issues, and to deny summary judgment if material facts are in dispute. *United States v. Articles of Device*, 527 F.2d 1008, 1011 (6th Cir.1976); *Tee–Pak, Inc. v. St. Regis Paper Co.*, 491 F.2d 1193, 1195 (6th Cir.1974). Further, "[i]n ruling on a motion for summary judgment, the evidence must be viewed in a light most favorable to the party opposing the motion." *Bouldis v. U.S. Suzuki Motor Corp.*, 711 F.2d 1319, 1324 (6th Cir.1983). To summarize, summary judgment is only appropriate when no genuine issue of material fact remains to be decided, and when the undisputed facts,

viewed in a light most favorable to the non-moving party, entitle the movant to judgment as a matter of law. *Smith v. Pan Am World Airways*, 706 F.2d 771, 773 (6th Cir.1983).

■■ A principle purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Rule 56(e) places responsibility on the party against whom summary judgment is sought to demonstrate that summary judgment is improper, either by showing the existence of a material question of fact or that the underlying substantive law does not permit such a decision. In relevant part the provision states:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Rule 56(e), Fed.R.Civ.P. Rule 56(e) requires the nonmoving party to go beyond the pleadings, and by affidavits, depositions, answers to interrogatories, or admissions on file, designate specific facts showing a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. at 2553.

This Court will address plaintiff's Title VII claim alleging discrimination based on sex first. The Supreme Court has forwarded a tripartite analysis for disparate treatment cases. First, plaintiff must prove a prima facie case of discrimination. Next, defendant must offer legitimate nondiscriminatory reasons for its action. Third, plaintiff must establish that defendant's explanation is mere pretext. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1972). The Court in *Douglas* went on to list three elements significant to show a prima facie case: (1) is plaintiff a member

of a protected class, (2) has plaintiff been discharged with no valid cause, and (3) did the employer continue to solicit applicants for the vacant position. However, case law subsequent to *Douglas* has noted that the three elements propounded to prove a prima facie case were not intended to be unyielding. *Furnco v. Construction Corp. v. Waters*, 438 U.S. 567, 577, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978). Thus, "[t]he central inquiry in evaluating whether the plaintiff has met his initial burden is whether the circumstantial evidence presented is sufficient to create an inference [of discrimination]." B. Schlei and Grossman, Employment Discrimination Law 247.

■ In the case *sub judice*, plaintiff has failed to prove that she was not fired for just cause. In addition, plaintiff has not shown, aside from mere allegations, that defendant sought a male replacement for her. Plaintiff offers as evidence two State of Ohio Unemployment Compensation Board of Review ("CBR") reports as evidence that plaintiff was not discharged for just cause. The first report found that no evidence had been introduced to show that claimant was guilty of any neglect or misconduct in connection with work and therefore her February, 1987 suspension was without cause. Moreover, the CBR found that plaintiff was discharged in October of 1988 for anticipated actions which do not qualify for just cause under the Unemployment Benefit statutes. Therefore, the CBR concluded that plaintiff's benefits should continue.

If the evidence offered is unrelated to the discrimination alleged in the complaint, it will be excluded as irrelevant. A. Larson and L. Lavson, Employment Discrimination, § 49.42(a). Courts have repeatedly held that determinations by various state agencies, upon the issue of just cause, were not necessarily probative of the discrimination issue. *See Goldsmith v. E.I. DuPont de Nemours & Co.*, 32 F.E.D. 1879 (D.Del.

1983); *see also; Cooper v. City of North Olmsted*, 576 F.Supp. 592 (N.D.Ohio 1983).

In the present case, the issue of discrimination was absent from the CBR hearings. Furthermore, the administrator's decisions were based on state statutes [1] totally unrelated to the issues presently before the Court. Simply because plaintiff was discharged for reasons which do not validate the non-payment of benefits, does not mean that plaintiff was not discharged for good cause within the meaning of Standard's company policy. This Court, therefore, does not believe that the CBR reports are sufficiently probative to raise a genuine issue of fact as to whether plaintiff was fired for just cause under Standard's policies.

■ This decision is also made in light of the mediator's decisions which found that plaintiff was suspended and subsequently discharged for good cause.[2] Specifically, the mediator found that although plaintiff presumably had no direct knowledge of the falsifications, since her husband apparently turned in the claims, she was aware that her husband used the insurance company's checks to pay other various bills. Plaintiff was also aware in September, 1986 that the Toledo Hospital bill was never paid. However, plaintiff took no action to investigate until January or February 1987. This Court may accord the arbitrator's report as much weight as it deems appropriate. *Alexander*, 415 U.S. 76. As such we find that no reasonable mind could fail to find that, at the minimum, plaintiff's inaction and self indulged negligence in connection with the insurance payments contributed to Standard's loss. Therefore, plaintiff has not provided this Court with sufficient evidence to show that she was not suspended for good cause.

In addition, the CBR's finding that plaintiff was not permanently discharged for good cause, on October 21, has no relevance on the present case. The fact that plaintiff was discharged because she stated

---

1. See O.R.C. § 4141.29.

2. The Supreme Court in *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974) affirmed the use of prior arbitration reports as evidence in discrimination cases.

that she would continue to violate the conditions of her reinstatement may not be cause to stop benefits, but may very well be good cause under Standard's policies. In short, § 4141.29, O.R.C. and the CBR hearings have no probative value on the present discrimination issues.

■ Even if plaintiff could be said to have raised a genuine issue of fact as to just cause, she has failed to fulfill the third prong of the *Douglas* test. Plaintiff has presented this Court with no evidence, other than naked claims, that she was replaced. The court in *Shah v. General Elec. Co.*, 816 F.2d 264, 269 (6th Cir.1987) noted that although the *Douglas* test is not in stone and thus flexible, if plaintiff cannot show that the employer replaced her, some additional evidence showing that others were more favorably treated than plaintiff is necessary. Furthermore, the court in *Hughes v. Chesapeake & Potomac Telephone Co.*, 583 F.Supp. 66, 69 (D.D.C.1983) emphasized that if no one replaced plaintiff, to prove a prima facie case plaintiff must show that non-minority employees with similar records were not terminated. Plaintiff may also meet her burden by showing a pattern of racial discrimination in various company policies, including the hiring, transferring, and discharge of employees, and that the complained of action was in furtherance of that policy. *See Franks v. Bowman Transportation Co.*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976). Plaintiff correctly notes that she may meet her burden of showing a prima facie case without literally proving all the elements of *Douglas*. We agree. However, some other proof is required beyond mere allegations that the defendant's reasons for termination were false and that other male employees were treated differently, is inadequate. "Proof that a Title VII plaintiff belongs to a ... minority, that he was qualified for his position, and that he was fired, without more, simply fails to present evidence that plaintiff was rejected under circumstances which give rise to an inference of unlawful discrimination." *Shah*, 816 F.2d at 269.

Plaintiff has failed to present evidence that other non-minority employees, similarly situated, were treated differently. Nor has plaintiff proven any pattern which might support an inference that the employment decisions in question were in furtherance of an impermissible policy. All that plaintiff has presented to this Court are claims that other women felt they were treated unfairly in that men took longer breaks and sometimes worked shorter hours. This without more is insufficient to prove a prima facie case of discrimination.

Last, even if we were to find that plaintiff had made out a prima facie case, defendant has sufficiently rebutted the presumption. Defendant has offered legitimate, nondiscriminatory reasons for its actions in accordance with *Douglas*. Plaintiff has failed to establish that defendant's explanations were completely false and thus only a pretext.

■ Next, this Court will address plaintiff's age discrimination claim. Plaintiff claims that she was also discharged due to her age. She notes that defendant was aware she had back problems and wanted early retirement. Plaintiff's only other evidence is that her foreman has called her "old lady" in the past. "Mere conclusory allegations do not suffice to prove intentional discrimination based on age." *Simpson v. Midland Ross Corp.*, 823 F.2d 937, 941 (6th Cir.1987). Plaintiff has done nothing more than make a bare accusation of age discrimination. She has shown no proof of disparate treatment. This is not enough to overcome a motion for summary judgment. *See Locke v. Commercial Union Insurance Co.*, 676 F.2d 205, 206 (6th Cir.1982) ("The plaintiff did nothing more than state his conclusion that he was terminated because of his age. To permit this single statement to constitute a prima facie case would place on employers a burden which Congress never intended.... Yet to permit a plaintiff to shift the burden to the defendant of justifying a termination on such a conclusory statment would have this effect.") Therefore, plaintiff's age discrimination claim is without merit.

■ Last is the issue of retaliatory discharge. Federal law prohibits discrimina-

tion against an applicant for processing a charge opposing discriminatory employment practices. See 42 U.S.C. § 2000e–3. The Sixth Circuit has propounded certain elements the plaintiff must show to make out a case of retaliatory discharge.

1. Plaintiff has engaged in an activity protected by Title VII.

2. The exercise of plaintiff's civil rights was known to defendant.

3. Thereafter, defendant took an employment action adverse to plaintiff.

4. There was a causal connection between the protected activity and the adverse employment action.

*Cooper v. City of North Olmsted*, 795 F.2d 1265, 1272 (6th Cir.1986). *See also Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir.1982).

In the present case, plaintiff has presented no evidence of a causal connection between her claim filed with the Equal Employment Opportunity Commission. Often, this fourth element is difficult to prove, so courts have looked to the proximity of the adverse action to the protected activity. No such closeness abounds here. Plaintiff was discharged some 20 months after she filed her claim. Therefore, absent any other causal evidence, plaintiff's claim of retaliatory discharge is not well taken.

Defendant has additionally filed a motion for leave to file a reply brief and a motion for sanctions. Since this Court has granted defendant's summary judgment motion, their motion for leave to reply is denied.

In addition, this Court does not find plaintiff's claims nor her opposition to defendant's summary judgment so lacking merit as to justify the award of attorney's fees or sanctions.

Accordingly, it is

ORDERED that defendant's motion for summary judgment is granted and plaintiff's case is hereby dismissed.

FURTHER ORDERED that defendant's motion for leave to file a reply brief and for sanctions is denied.