**Nancy C. GARRETT, Plaintiff,**

**v.**

**Manuel LUJAN, Secretary of the Interior, Defendant.**

**No. CA 88–358.**

United States District Court, District of Columbia.

Sept. 18, 1992.

See also 717 F.Supp. 4.

William L. Bransford, Shaw, Bransford & O'Rourke, Washington, D.C., for plaintiff.

Assistant U.S. Atty. William J. Dempster, Office of the U.S. Attorney, Washington, D.C., for defendant.

## OPINION

STANLEY S. HARRIS, District Judge.

Before the Court is defendant's motion for partial summary judgment as to plaintiff's claims of employment discrimination based on gender and reprisal for participating in prior Equal Employment Opportunity (EEO) activity. These claims involve the placement of Robert Fagin in the position of Deputy Director of Administration and Finance at the Office of Surface Mining and Reclamation (OSM) in the Department of the Interior. Because there is no genuine dispute of material fact and defendant

is entitled to judgment as a matter of law, the Court grants the motion.

## FACTS

Plaintiff, an employee of the Department of the Interior, sues defendant, Manuel Lujan, in his official capacity as Secretary of the Interior. The events giving rise to plaintiff's claims stem from another unrelated discrimination case against the Department of the Interior. In that suit, Walter Lander prevailed against the Department of the Interior and was awarded equitable relief. *See Lander v. Hodel,* 48 Fair Empl.Prac.Cas. (BNA) 1265, 1988 WL 122580 (D.D.C.1986). As part of that remedy, Lander was placed in the position of Associate Director, Finance and Management at the Bureau of Mines, which was then occupied by an innocent incumbent, Fagin. As a result, the Department of the Interior noncompetitively reassigned Fagin to the position of Deputy Director of Administration and Finance at the OSM. (Dep. of Lou Gallegos at 66.) The Executive Resources Board (ERB) approved Fagin's reassignment. (Dep. of Charles E. Kay at 29–53; Ex. G, April 27, 1989 Mem. from Director of Personnel to Principal Deputy Assistant Secretary, Policy, Budget and Admin.) At that time, the ERB consisted of Charles Kay, Lou Gallegos, Tom Weimer, Earl Gjelde, and Lujan. (Dep. of Frederick L. Nims, Jr. at 11; Dep. of Charles E. Kay at 33.) Immediately prior to Fagin's noncompetitive reassignment, plaintiff held the Deputy Director position on an acting basis. (Ex. 1 at ¶¶ 4–5; Second Am.Compl. ¶ 26.) Plaintiff alleges that the Department's noncompetitive reassignment of Fagin to that position was motivated at least in part by discrimination based on her gender and her participation in EEO activities.

## DISCUSSION

### 1. Gender Discrimination Claim

■ To establish a prima facie case of gender discrimination, a plaintiff must allege facts, admissible at trial, which demonstrate that: (1) plaintiff belongs to a statutorily protected group; (2) plaintiff applied

and was qualified for a job for which the employer was seeking applicants; (3) despite her qualifications, she was rejected; and (4) after her rejection, the position remained open and the employer continued to seek applicants from persons of plaintiff's qualifications. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).

It is undisputed that plaintiff, a female, belongs to a statutorily protected group. Plaintiff contends, and defendant does not dispute, that plaintiff is qualified for the Deputy Director position. (Def.'s Mot. for Partial Summ.J., at 12.) Fagin, the person selected for the position, is male and not a member of plaintiff's protected class. Therefore plaintiff satisfies prongs (1) and (3) of the *McDonnell Douglas* test.

Since defendant noncompetitively reassigned Fagin into the Deputy Director position, plaintiff had no opportunity to apply for it. Under these facts, prongs (2) and (4) of the *McDonnell Douglas* test are inapplicable. However, that does not automatically bar plaintiff from bringing a discrimination claim. Justice Powell, writing for a unanimous Court in *McDonnell Douglas,* noted that the elements of a Title VII employment discrimination claim may vary to accommodate the purposes of the legislation:

> The facts necessarily will vary in Title VII cases, and the specifications above of the prima facie proof required from respondent is not necessarily applicable in every respect to differing factual situations. *McDonnell Douglas,* 411 U.S. at 802 n. 13, 93 S.Ct. at 1824 n. 13.

The language of 42 U.S.C.A. § 2000e–16 is to be construed broadly to extend to "all personnel actions" based on sex. *Palmer v. Shultz,* 815 F.2d 84, 90 (D.C.Cir.1987). If plaintiff could demonstrate through the use of specific facts that the noncompeti-

tive selection process was itself discriminatory, plaintiff would have a cause of action. Plaintiff makes several allegations which might create a genuine issue for trial, however, plaintiff's evidence regarding these allegations is either inadmissible or immaterial. Nevertheless, even considering the facts in a light most favorable to plaintiff, *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970), the facts fail to support a prima facie case of gender discrimination. The Court addresses each allegation in turn.

■ First, plaintiff offers evidence of alleged discriminatory comments made by Harry Snyder about plaintiff.[1] However, that evidence is hearsay and is inadmissible to support a motion for summary judgment. *See* Fed.R.Civ.P. 56(e).[2] Even if it were admissible, it is immaterial since Snyder was not a member of the ERB at the time Fagin's reassignment was approved.[3] Stray remarks by persons not involved in the employment decision-making process are not material to a finding of discrimination unless those remarks are made to the decision-makers and have some impact on the selection process. *See Price Waterhouse v. Hopkins,* 490 U.S. 228, 277, 109 S.Ct. 1775, 1804, 104 L.Ed.2d 268 (1989) (O'Connor, J., concurring in the judgment). Plaintiff offers no evidence that Snyder made either this or a similar remark about plaintiff to the ERB or its members.

■ Second, plaintiff claims that Lujan told Robert Gentile, who was then the Director of OSM, of his desire to place women into the two vacant Deputy Director positions. This is also inadmissible hearsay. Even if it were not hearsay, and were assumed to be true, it is not evidence that discriminatory bias motivated Lujan's later decision not to compete the position.

■ Third, plaintiff contends that there were other vacant positions into which Fag-

---

**1.** Snyder's alleged comments were: "That fucking bitch. She'll dance every time Fagin pulls the strings or I'll know why. I don't give a shit if it's EEOC." (Dep. of Robert Gentile at 86.)

**2.** "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence,

and shall show affirmatively that the affiant is competent to testify to the matters stated therein". Fed.R.Civ.P. 56(e).

**3.** Plaintiff neither disputes that the ERB is the board which approved Fagin's reassignment, nor that it is the appropriate body to make that decision.

in could have been placed. This argument is immaterial because it fails to demonstrate an illegitimate motive by the ERB or a link between such a motive and the reassignment of Fagin to the Deputy Director position. *See Price Waterhouse,* 490 U.S. at 251, 109 S.Ct. at 1791.

Fourth, plaintiff claims that the Department tried to hide from Gentile the fact that the position was no longer in competition. The only proffered evidence of this alleged fact is Gentile's conversation with Ann Chapman, an employee in personnel. Chapman's statements to Gentile are inadmissible hearsay. (Dep. of Robert Gentile at 69–71.) Even if they were admissible, they are not evidence that the decision not to compete the position was motivated by a desire to discriminate against plaintiff because of her gender.

Fifth, plaintiff claims through Cecelia Holmes's deposition that the Department wanted anyone in the position but plaintiff. This is in the form of an alleged statement from Fagin to Holmes.[4] Fagin's statement to Holmes is also hearsay and inadmissible. (Dep. of Cecelia Holmes at 79.) The alleged statement by "the Department" does not specify the individual who made the statement, therefore it is impossible to identify whether the person who made the statement was involved in the selection process. Even assuming that this evidence were admissible and that "the Department" consisted of members of the ERB who wanted "anyone in the position but plaintiff," this statement does not reveal the motivation behind such a statement. Because this evidence does not demonstrate illegitimate intent, it does not contribute to the establishment of a prima facie case of gender discrimination. *See Price Waterhouse,* 490 U.S. at 242, 109 S.Ct. at 1786 (noting that plaintiff must "prove that the employer relied upon sex-based considerations in coming to its decision").

■ Therefore, plaintiff fails to state a prima facie case. She does not present admissible evidence to create a disputed issue of material fact as to the alleged discriminatory nature of the noncompetitive selection of Fagin. Failure of proof as to even one element of a prima facie case leaves a complaint fatally defective and susceptible to summary judgment. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Because plaintiff failed to establish a prima facie case, it is not necessary to determine whether this case is a "pretext" case or a "mixed motives" case for purposes of determining whether the burden of proof shifts to the defendant. *See, e.g., Price Waterhouse,* 490 U.S. 228, 109 S.Ct. 1775; *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Plaintiff's failure to offer evidence of a link between the alleged discrimination based on gender and the ERB's decision to assign noncompetitively a permanent replacement for the Deputy Director position and its subsequent approval of Fagin makes partial summary judgment appropriate as to the gender discrimination claim.

### 2. Reprisal Claim

■ Plaintiff also alleges that Fagin's noncompetitive reassignment was in reprisal for her prior participation in EEO activity. *See* 42 U.S.C.A. § 2000e–3. The elements of a prima facie case of employment discrimination based on reprisal are that: (1) plaintiff engaged in protected opposition to Title VII discrimination or participated in a Title VII proceeding and defendant employer had knowledge of plaintiff's EEO activity; (2) plaintiff was disadvantaged by an action of her employer subsequent to or contemporaneously with such opposition or participation; and (3) there is a causal connection between the protected activity and the adverse employment action. *Barnes v. Small,* 840 F.2d 972, 976 (D.C.Cir.1988); *Burrus v. United Tel. Co.,* 683 F.2d 339, 343 (10th Cir.1982), *cert. denied,* 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982); *see Jackson v. RKO Bottlers of Toledo, Inc.,* 743 F.2d 370, 377 (6th Cir.1984), *cert.*

---

**4.** Fagin's alleged comment was: "Look, the only reason that I am here is because the Department says 'Anybody but Nancy Garrett.'" (Dep. of Cecelia Holmes at 79.)

*denied,* 478 U.S. 1006, 106 S.Ct. 3298, 92 L.Ed.2d 712 (1986); *Smalley v. City of Eatonville,* 640 F.2d 765, 769 (5th Cir. Unit B Mar. 1981); *Grant v. Bethlehem Steel Corp.,* 622 F.2d 43, 46 (2d Cir.1980); *Womack v. Munson,* 619 F.2d 1292, 1296 (8th Cir.1980), *cert. denied,* 450 U.S. 979, 101 S.Ct. 1513, 67 L.Ed.2d 814 (1981); *Gunther v. County of Washington,* 623 F.2d 1303, 1314 (9th Cir.1979), *aff'd on other grounds,* 452 U.S. 161, 101 S.Ct. 2242, 68 L.Ed.2d 751 (1981).

Plaintiff filed two EEO complaints in August 1986 and May 1988 relating to her employment with the Department of the Interior. (Second Am.Compl. ¶¶ 7–8.) Both were filed prior to Fagin's April 1989 noncompetitive reassignment. Plaintiff's EEO complaints constitute "participation" in the EEO process that is protected against reprisal. *See* 42 U.S.C.A. § 2000e–3(a). Plaintiff also alleges, and defendant does not dispute, that defendant was aware of plaintiff's prior EEO activities. (Def.'s Mot. for Partial Summ.J. at 13.)

Defendant argues that plaintiff has not suffered an adverse employment decision since the Deputy Director position was filled noncompetitively and because plaintiff did not suffer loss of benefits or salary as a result of that action. The Court recognizes, however, that plaintiff's inability to compete for the position denied plaintiff an opportunity to occupy that position on a permanent basis. Since plaintiff resumed a position which was subordinate to the Deputy Director position after Fagin's reassignment, the decision not to compete the position was adverse to plaintiff. (Ex. 1 ¶¶ 2, 4–5.)

■ Plaintiff fails to make a prima facie case of reprisal, however, because she presents no facts demonstrating a causal connection between her participation in the EEO process and the ERB's decision to reassign Fagin noncompetitively to the Deputy Director position. While a causal nexus is inferred when the adverse employment action occurs shortly after participation in protected activity, *see, e.g., Grant,* 622 F.2d at 1296 & n. 6, the Court finds that such an inference would be inap-propriate in this case. Plaintiff's EEO complaints were filed in August of 1986 and May of 1988. (Compl. ¶¶ 7–8.) Fagin's noncompetitive reassignment became effective on April 27, 1989, almost a full year after plaintiff's most recent complaint. (Ex. G.) The length of time between plaintiff's EEO activity and the adverse employment decision is too great to support an inference of reprisal. *Compare Burrus,* 683 F.2d 339 (holding that almost three years is too long to infer retaliation); *Clark v. Chrysler Corp.,* 673 F.2d 921 (7th Cir.) (holding that two years is too long to support an inference), *cert. denied,* 459 U.S. 873, 103 S.Ct. 161, 74 L.Ed.2d 134 (1982); *Juarez v. Ameritech Mobile Communications, Inc.,* 746 F.Supp. 798 (N.D.Ill.1990) (holding that almost six months does not support an inference), *aff'd,* 957 F.2d 317 (7th Cir.1992); *Parrott v. Cheney,* 748 F.Supp. 312 (D.Md.1989) (holding that less than four months does not support an inference), *aff'd per curiam,* 914 F.2d 248 (4th Cir.1990), *and Blumensaadt v. Standard Products Co.,* 744 F.Supp. 160 (N.D.Ohio 1989) (holding that 20 months does not support an inference), *aff'd per curiam,* 911 F.2d 731 (6th Cir. 1990); *with Womack,* 619 F.2d 1292 (holding that five days is sufficient to infer retaliation); *Globus v. Skinner,* 721 F.Supp. 329 (D.D.C.1989) (finding two years sufficient to support an inference of retaliation because plaintiff's participation in litigation against defendant ended only a few months before plaintiff was laid off and resulting tensions still existed), *aff'd per curiam,* 57 FEP Cases 1456, 1990 WL 123927 (D.C.Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2851, 115 L.Ed.2d 1019 (1991); *McCarthy v. Cortland County Community Action Program, Inc.,* 487 F.Supp. 333 (N.D.N.Y.1980) (holding that two weeks is sufficient to support an inference), *and Hochstadt v. Worcester Foundation for Experimental Biology, Inc.,* 425 F.Supp. 318 (D.Mass.) (holding that alleged retaliation within six months of settlement of plaintiff's civil action and within one month of complaint to employer is sufficient to support an inference of retaliation), *aff'd,* 545 F.2d 222 (1st Cir.1976).

Even if an inference of reprisal were warranted, defendant's evidence of a legitimate, nondiscriminatory reason for Fagin's reassignment resulting from the *Lander* decision was insufficiently rebutted by plaintiff. Absent an inference of reprisal, plaintiff must show that the ERB's decision not to compete the Deputy Director position was motivated at least in part by a desire to bar plaintiff from applying for the position because of her prior complaints of discrimination. Plaintiff contends that Snyder's alleged derogatory remark to Gentile is evidence of discrimination based on reprisal. As discussed above, this statement is not admissible because it is hearsay. And, as noted, even if it were not hearsay and were true, it is not material to a finding of employment discrimination because Snyder neither participated in nor contributed to the process to fill the Deputy Director slot. *Price Waterhouse*, 490 U.S. at 241–242, 109 S.Ct. at 1786; *see EEOC v. Gaddis*, 733 F.2d 1373, 1380 (10th Cir.1984).

Plaintiff also relies upon the allegation that Fagin told Holmes that the Department wanted anyone in that position but plaintiff. (Dep. of Cecelia Holmes at 79.) As noted above, this evidence would be inadmissible and is therefore inappropriate to defeat a motion for summary judgment. Therefore, the Court finds that plaintiff fails to state a prima facie case of reprisal.[5] Accordingly, the Court grants summary judgment for defendant as to her reprisal claim.

## CONCLUSION

For the reasons stated above, defendant's motion for partial summary judgment as to plaintiff's allegation of gender discrimination and reprisal based on the noncompetitive reassignment of Fagin is granted.

---

**5.** Plaintiff's allegations that Fagin's reassignment moved him to a higher organizational tier, that there were other vacant positions at the time into which he could have been placed, and that the court order in the *Lander* case did not require Fagin to be reassigned outside of the Bureau of Mines (BOM) are immaterial to the formation of a prima facie case of reprisal.