Madeleine J. GOSS, Plaintiff,

v.

The GEORGE WASHINGTON
UNIVERSITY, Defendant.

Civil Action No. 91–3018 SSH.

United States District Court,
D. Columbia.

Oct. 25, 1996.

Craig L. Davitian, Foret & Thompson, Washington, DC, for Plaintiff.

Robert B. Cave, Mark J. Larson, Hogan & Hartson, Washington, DC, for Defendant.

## OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendant's renewed motion for summary judgment, plaintiff's opposition thereto, and defendant's reply. Also before the Court are plaintiff's motion to strike defendant's dispositive motion, defendant's opposition thereto, and plaintiff's reply. Upon consideration of the entire record, the Court denies plaintiff's motion to strike and grants defendant's renewed motion for summary judgment. Although "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56," Fed.R.Civ.P. 52(a), the Court nonetheless sets forth its analysis.

### Background

Plaintiff was employed as an Assistant Manager in the Credit and Collections Section of the Department of Patient Accounts (the "Department") at the George Washington University Medical Center (the "Medical Center") until her position was terminated in October 1990. The termination of her position was part of a reduction-in-force that defendant had instituted because of ongoing financial difficulties.

As part of this restructuring, Sharon Dougherty, the Senior Assistant Administrator of the Department, was instructed by senior management to reduce the size of its staff. She was told that she could wait to decide which positions needed to be abolished until after the Department underwent conversion to a new computer billing system. The new system was instituted during the summer of 1990, and in September, Dougherty reviewed the staff organization of the Department and determined that an entire grade of supervisory positions and several clerical positions had to be abolished.

At the time of the restructuring, the Credit and Collections Section of the Department was the only section that had more than one Assistant Manager. The positions were then held by Marina Restrepo, who had been employed continuously at the Medical Center since 1968, and by plaintiff, who had been at the Medical Center from 1970 to 1978, and then from 1985 until her termination. Defendant's policy required that the person with the greatest amount of seniority be retained.[1] Dougherty eliminated plaintiff's position in October 1990.

In November 1990, Rose Dunphy was hired as Manager of Credit and Collections. In February 1991, Victor Ogun, a 31-year-old black male from Nigeria, was hired as an Executive Associate. Ogun began work on March 4, 1991.[2]

Plaintiff filed a complaint alleging numerous discrimination and tort claims against her former employer, George Washington University, based on her termination. By a March 24, 1995, Opinion (the "Opinion"), the Court granted summary judgment for defendant on Counts III through VIII. Defendant now moves the Court to grant summary judgment on the two remaining counts, in which plaintiff alleges that she was terminated on the basis of her age in violation of the D.C. Human Rights Act, D.C.Code § 1–2512(a) (the "DCHRA"), and the Age Discrimination in Employment Act, as amended, 29 U.S.C., § 621 et seq. (the "ADEA").[3]

### Analysis

In the prior Opinion, the Court found that plaintiff had established a prima facie case and that there was a genuine issue of material fact as to the truth of defendant's asserted legitimate nondiscriminatory reason for terminating plaintiff, i.e., abolishment of the assistant manager position. In reaching its decision, the Court relied on a record that indicated that Ogun performed many of the same functions that plaintiff had performed at a comparable salary, and that he reported to the manager of the Credit and Collections Section like the other manager, Marina Restrepo.[4] See Opinion at 6.

Subsequent to the issuance of that Opinion, defendant deposed Ogun for the first time.[5] Defendant's renewed motion for summary judgment is predicated on this deposition, which indicates that Ogun's position entailed different responsibilities and supervisory authority. In her motion to strike, plaintiff contends that Ogun's deposition does not provide new facts and therefore that defendant's motion should be stricken. A renewed summary judgment motion is appropriate where there is an expanded factual record. Whitford v. Boglino, 63 F.3d 527, 530 (7th Cir.1995) (per curiam) (citation omitted); Kirby v. P.R. Mallory & Co., 489 F.2d 904, 913 (7th Cir.1973), cert. denied, 417 U.S. 911, 94 S.Ct. 2610, 41 L.Ed.2d 215 (1974) (citations omitted). Because the Court finds that Ogun's deposition shows that there is no genuine issue of material fact that would compel submission of this case to a jury, plaintiff's motion to strike is denied.

In her motion to strike defendant's renewed motion for summary judgment,

1. The Court observes that Dougherty states that she did not know plaintiff's age at the time she determined that her position should be abolished, and that Restrepo, the other Assistant Manager, is older than plaintiff. Def.'s Renewed Mot. for Summ. J., Ex. C, Decl. of S. Dougherty at ¶ 9, and Statement of Material Facts ¶ 9.

2. Since plaintiff's termination, only one assistant manager has been assigned to the Credit and Collections Section of the Department. Def.'s Renewed Mot. for Summ. J., Ex. C, Decl. of S. Dougherty at ¶ 10.

3. The same legal standards apply to both the ADEA and DCHRA claims. Miller v. American Coalition of Citizens with Disabilities, 485 A.2d 186, 189 (D.C.1984) (adopting federal employ-

ment discrimination standards to analyze similar claims under the DCHRA).

4. In reaching its decision, the Court relied on Ogun's declaration. The Court did not consider the hearsay statements in ¶¶ 2, 4, 5, and 6 thereof. Opinion at 5–6 n. 1.

5. Defendant contends that it "did not depose Mr. Ogun before the discovery cut-off because he was hired several months after the job abolishment and the University had no reason to believe that he would later claim in the course of this litigation that he was hired as an Assistant Manager to replace Ms. Goss.... Ms. Goss herself had always maintained that she was replaced by Ms. Dunphy—not Mr. Ogun." Def.'s Renewed Mot. for Summ. J. at 12 n. 17 (emphasis in original).

plaintiff also seeks to have the Court reconsider its decision to strike as inadmissible hearsay ¶¶ 2, 4, 5, and 6 of the Ogun declaration. *See* Opinion at 5 n. 1; Pl.'s Mot. To Strike at 4.[6] Upon consideration, the Court accepts ¶ 2.[7] However, the Court finds no error in its decision to exclude ¶¶ 4, 5, and 6. In order for a statement to qualify as a party admission under Fed.R.Evid. 801(d)(2)(D), the declarant must have actually been involved in the decision to hire or fire the person bringing the discrimination charge. *Hill v. Spiegel, Inc.*, 708 F.2d 233, 236–37 (6th Cir.1983). Even if the statements were admissible, the Court would exclude them as irrelevant. Plaintiff does not name the declarant of the statements in ¶ 4; consequently, the Court cannot discern whether the declarant was involved in the decision to terminate plaintiff. *See Garrett v. Lujan*, 799 F.Supp. 198, 200 (D.D.C.1992) (court excludes statement as irrelevant where declarant was referred to merely as "the Department," thus making it "impossible to identify whether the person who made the statement was involved in the selection process"). Similarly, Rose Dunphy, the declarant in ¶¶ 5 and 6, was hired after plaintiff's position was terminated and thus was not involved in the decision to terminate plaintiff. *See id.* The Court thus continues to exclude ¶¶ 4, 5, and 6 from its consideration. *See* Fed.R.Civ.P. 56(e) ("Supporting and opposing affidavits ... shall set forth such facts as would be admissible in evidence.").

Summary judgment may be granted against a non-moving party who "fails to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c). In considering a summary judgment motion, all evidence that would be admissible at trial and the inferences to be drawn from it must be considered in a light most favorable to the nonmoving party. *See Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56(e).

■ In order to survive defendant's motion for summary judgment, plaintiff must not only present a prima facie case but also must show that defendant's proffered reasons were pretextual and present some evidence that age was a determining factor in the decision.[8] *See Saint Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515–17, 113 S.Ct. 2742, 2752, 125 L.Ed.2d 407 (1993) ("a reason cannot be proved to be a 'pretext *for discrimination*' unless it is shown *both* that the reason was false *and* that discrimination was the real reason") (emphasis in original); *Smith v. Chamber of Commerce of United States*, 645 F.Supp. 604 (D.D.C.1986) (citations omitted). In *Snyder v. Washington Hosp. Ctr.*, 36 F.E.P. 445, 1984 WL 3244 (D.D.C.1984), the court stated:

Evidence that the reasons given by an employee for the employment decision

---

**6.** Plaintiff contends that because defendant objected to these statements in defendant's reply in the initial round of summary judgment pleadings, plaintiff never had an opportunity to respond.

**7.** That paragraph reads: "I received a telephone call from Sharon Dougherty. Ms. Dougherty told me that the position of Manager of Credit and Collections had been filled. She then asked me if I was interested in a position as Assistant Manager of Credit and Collections in the Patient Accounts department."

**8.** Plaintiff reads *Barbour v. Merrill*, 48 F.3d 1270 (D.C.Cir.1995), *cert. granted in part,* —— U.S. ——, 116 S.Ct. 805, 133 L.Ed.2d 752 (1996), and *cert. dismissed,* —— U.S. ——, 116 S.Ct. 1037, 134 L.Ed.2d 113 (1996), as eliminating the need to prove discriminatory intent. Plaintiff, however, misreads that case. *Barbour* does not alter this burden, as three of the judges on our Court

of Appeals confirmed in their concurrence in the denial of rehearing *en banc*. *See id.* at 1281 (court did not hold "that the factfinder is free to find discrimination *in every case* where the plaintiff has established a prima facie case and offered evidence" of pretext; rather, "in some cases the combination [of disbelief of the reasons put forward by defendant and suspicion of mendacity] will be adequate to sustain a finding of discrimination, in others not, to be determined by the factfinder initially, and the appellate court on review, according to the usual principles") (emphasis in original); *see also Saint Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511–12, n. 4, 113 S.Ct. 2742, 2749 n. 4, 125 L.Ed.2d 407 (1993) ("Even though ... rejection of the defendant's proffered reasons is enough at law to *sustain* a finding of discrimination, *there must be a finding of discrimination*.") (emphasis in original).

were not the "real" ones does not prove age discrimination, it only proves that some other reason motivated the employer. Absent some evidence that the real reason was the employee's age ... either directly or through the employer's statements or actions regarding the plaintiff or indirectly through evidence of the employer's treatment of other members of the protected class, it is impossible for an employee who challenges the decisions as discriminatory to survive a motion for summary judgment.

*Id.* at 448.

■ Upon consideration of the expanded record and the present motion, the Court finds that summary judgment is appropriate as plaintiff has not met her prima facie case in showing that her position remained open and was filled by a younger person. The Court also finds that even if plaintiff could establish a prima facie case of age discrimination, summary judgment would still be appropriate because defendant has articulated a legitimate non-discriminatory reason for plaintiff's termination and plaintiff has not shown by a preponderance of the evidence that such reason was pretextual and that age was the determining factor in defendant's decision. *See Saint Mary's,* 509 U.S. at 502, 113 S.Ct. at 2742.

■ To establish a prima facie case of age discrimination, plaintiff must show that: (1) she is a member of the statutorily protected age group; (2) she was qualified for the position; (3) she was discharged; and (4) the position remained open and was subsequently filled by a younger person. *Hayman v. National Academy of Sciences,* 23 F.3d 535, 537 (D.C.Cir.1994) (citations omitted).

■ Once a prima facie case has been established, the employer bears a minimal burden of producing evidence tending to show that the plaintiff was terminated for a legitimate nondiscriminatory reason. Although the evidence must be legally sufficient to justify a judgment for defendant, this burden is merely one of production, not one of persuasion. *Cuddy v. Carmen,* 762 F.2d 119, 122–23 (D.C.Cir.1985), *cert. denied,* 474

U.S. 1034, 106 S.Ct. 597, 88 L.Ed.2d 576 (1985) (citations omitted). If the employer does so, and if its evidence is credible, the plaintiff must show by a preponderance of the evidence that the employer's asserted legitimate reason is a "pretext" for discrimination. *Krodel v. Young,* 748 F.2d 701, 705 (D.C.Cir.1984) (citing *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 251–55, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 799–803, 93 S.Ct. 1817, 1823–24, 36 L.Ed.2d 668 (1973)). In an ADEA case, the plaintiff's ultimate burden is to prove that age was "a determining factor" in the challenged employment decision. *Smith,* 645 F.Supp. at 607 ("plaintiff must prove that age made a difference in the employer's decision in the sense that 'but for' the discriminatory motive, the employee would have been retained") (citations omitted); *see also La Montagne v. American Convenience Products,* 750 F.2d 1405, 1413 (7th Cir.1984); *Snyder,* 36 F.E.P. at 448.

The Court first considers whether plaintiff has adduced sufficient evidence to support a prima facie case. There is no doubt that plaintiff has proved the first three elements: she was 62 years old; she was qualified; and she was terminated. Only the fourth element requires analysis. After review of the entire record, the Court concludes that plaintiff's position was not the one filled by Ogun, and therefore that plaintiff has not shown that she was disadvantaged in favor of a younger person. The record shows that plaintiff's position was abolished. Ogun's position as Executive Associate had a different grade, salary, job description, and level of supervisory authority.[9] Def.'s Mot. for Summ. J., Ex. C ¶ 16, Decl. of Sharon M. Dougherty. In contrast to plaintiff's position, which entailed a well-defined set of responsibilities, supervision over subordinate supervisors, and disciplinary authority to evaluate, fire, or put on probation employees with whom she worked, Ogun's position was flexible; he was hired to assist Dunphy with discretionary assignments and special projects relating to the collection of outstanding

---

**9.** The Executive Associate position is Grade 15; the Assistant Manager position is Grade 16.

hospital accounts.[10] *Id.; see also* Def.'s Mot. for Summ. J., Ex. G, Classification Description; Def.'s Mot. for Summ. J., Ex. B, Dep. of Victor Ogun at 49–50 and 57–60; *compare* Ogun Dep. at 78, 80 with Pl.'s Opp'n, Ex. B, Ogun Decl. at ¶ 3. Plaintiff has thus failed to establish a prima facie case, which would create a presumption that the employer unlawfully discriminated against her.

■ Even if plaintiff were able to establish a prima facie case of age discrimination, however, the Court would still grant defendant's motion for summary judgment. Defendant's motion provides ample evidence of a legitimate, nondiscriminatory motive for plaintiff's dismissal—a reduction in force—that would rebut the presumption of intentional discrimination that would arise from a prima facie showing, and plaintiff has not come forward with admissible evidence that would show that the proffered reason was a pretext for intentional discrimination. *See Saint Mary's,* 509 U.S. at 506–08, 113 S.Ct. at 2747.

■ Plaintiff offers several grounds to support a finding of intentional age discrimination, all of them insufficient.[11] Plaintiff first contends that the hiring of Ogun, who was 31 years old, supports such a finding. However, as discussed above, the mere fact that Ogun is younger than plaintiff does not permit an inference that plaintiff's termination was motivated by age discrimination. *La Montagne,* 750 F.2d at 1413; *Snyder,* 36 F.E.P. at 448.

■ Plaintiff next contends that defendant could have abolished the position of a younger person in another section of the Department instead and then transferred plaintiff to fill that vacancy. The Court rejects this proposition. "Not only do we not sit ... 'to judge the wisdom of a corporation's business decisions,' but we can discern no requirement whatever in the ADEA that an employer seek to place in another position an employee whose age brings him or her under the ADEA's protective shield when that employee is being terminated for nondiscriminatory reasons." *Stacey v. Allied Stores Corp.,* 768 F.2d 402, 408 (D.C.Cir. 1985) (citation omitted); *see also Taylor v. Canteen Corp.,* 69 F.3d 773, 780 (7th Cir. 1995) (citations omitted).

■ Plaintiff next contends that there are questions of fact as to whether supervisors in Patient Accounts were actively campaigning against older workers. As support, plaintiff offers evidence of allegedly discriminatory comments made about two other employees. Pl.'s Opp'n to Def.'s Renewed Mot. for Summ. J., Ex. G, Deposition of Madeline Goss. Some of this evidence is hearsay and is inadmissible to support plaintiff's opposition to defendant's motion for summary judgment.[12] *See* Fed.R.Civ.P. 56(e). Even if it were admissible, all the statements considered together would still be immaterial since the statements were not directed at plaintiff and were not made by persons involved in the decision to discharge her. "Stray re-

---

10. The Court accepts as true Ogun's assertion that he had some supervisory authority, although not disciplinary authority, over non-supervisor employees. *See, e.g.,* Ogun Dep. at 47. However, the fact that Ogun may have assumed certain of plaintiff's former responsibilities five months after she left is insufficient to show that Ogun replaced plaintiff. The Court finds that plaintiff's job had been abolished as of the time she left. *See Lilley v. BTM Corp.,* 958 F.2d 746, 752 (6th Cir.1992), *cert. denied,* 506 U.S. 940, 113 S.Ct. 376, 121 L.Ed.2d 287 (1992) (hiring of younger employee because of changed business circumstances "does not mean that [the defendant] replaced [the plaintiff] in any sense relevant to inferring age-based discrimination"); *see also Simpson,* 823 F.2d at 941 & n. 4 (fact that plaintiff was not replaced until three months after his discharge "substantially weaken[s]" plaintiff's claim of age discrimination). Moreover, Ogun's subjective belief that he was, in fact,

performing the work of an Assistant Manager "is not relevant." It is the perception of the decision maker which is relevant." *Smith,* 645 F.Supp. 604, 608 (citations omitted). Similarly irrelevant are Ogun's belief that he would have had disciplinary authority after he had been at his job longer, Ogun Dep. 59–60, and plaintiff's contention that plaintiff's job had simply evolved in a predictable way, Pl.'s Opp'n at 9, as "[m]ere personal beliefs, conjecture and speculation are insufficient to support an inference of age discrimination." *Chappell v. GTE Products Corp.,* 803 F.2d 261, 268 (6th Cir.1986) (citations omitted), *cert. denied,* 480 U.S. 919, 107 S.Ct. 1375, 94 L.Ed.2d 690 (1987).

11. The Court excludes from its consideration the hearsay testimony discussed above.

12. The statements cannot be construed as party admissions. *See Hill,* 708 F.2d at 236–37.

marks by persons not involved in the employment decision-making process are not material to a finding of discrimination unless those remarks are made to the decision-makers and have some impact on the selection process." *Garrett,* 799 F.Supp. at 200 (citing *Price Waterhouse v. Hopkins,* 490 U.S. 228, 275–77, 109 S.Ct. 1775, 1804, 104 L.Ed.2d 268 (1989) (O'Connor, J., concurring in the judgment). Plaintiff offers no evidence of similar remarks made about plaintiff to the persons who made the employment decision. Consequently, these alleged statements cannot support an inference of intentional age discrimination.

■ Finally, plaintiff contends that there is statistical evidence that supports a finding of intentional discrimination, in that the four employees who have been hired for management positions in patient accounts since October 18, 1990, have been under the age of forty. This statistic, however, lacks probative value. *See Simpson v. Midland–Ross Corp.,* 823 F.2d 937, 943 (6th Cir.1987) (finding that a showing by plaintiff that 94.2% of the employees hired in the two years following his discharge were below the age of 40 "does not indicate discrimination based on age" where plaintiff failed to provide "the relative qualifications of those hired and the positions to which they were assigned, . . . [and] vital information regarding the pool of applicants and whether . . . qualified older employees were available or applied for those jobs."). Plaintiff has not provided such comparative data.

The Court thus concludes that plaintiff has failed to adduce sufficient evidence from which a reasonable jury could infer age discrimination.

### ORDER

For the reasons stated in the accompanying Opinion, it hereby is

ORDERED, that the Court denies plaintiff's motion to strike defendant's renewed motion for summary judgment. It hereby further is

ORDERED, that the Court grants summary judgment to defendant.

SO ORDERED.