**Johnson HAZWARD, Jr., Plaintiff,**

v.

**Marvin RUNYON, Jr., Postmaster General United States Postal Service, Defendant.**

**Civil Action No. 95–CV–1512(RMU).**

United States District Court, District of Columbia.

Aug. 13, 1998.

John F. Karl, Jr., Washington, DC, for Plaintiff.

Anthony Michael Alexis, Sr., Halsey B. Frank, U.S. Attorney's Office, Washington, DC, Nancy R. Page, U.S. Attorney's Office, Civil Div., Washington, DC, for Defendant.

### MEMORANDUM OPINION

URBINA, District Judge.

### Granting Defendant's Motion for Summary Judgment

### I. Introduction

Plaintiff Johnson Hazward, Jr., a male Postal Police Officer, filed a two-count complaint against defendant Marvin Runyon, Postmaster General of the United States, alleging (1) sex discrimination and (2) retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (1994). This matter comes before the court on the defendant's motion for summary judgment. The defendant contends that the plaintiff failed to make out a *prima facie* case of sex discrimination and retaliation. The defendant further contends that even if the plaintiff established his *prima facie* case, he could not prove that the defendant's explanations of its actions were pretexts for illegal discrimination. Upon consideration of the parties' submissions and the relevant law, the court grants the defendant's motion for summary judgment on both counts.

### II. Background

The plaintiff initiated this civil action on August 9, 1995, alleging that the defendant violated the plaintiff's rights under Title VII. The first allegedly discriminatory act occurred on March 30, 1993, when the plaintiff's immediate supervisor, Sergeant Robert Blair, with Sergeant Anthony Reed in attendance, summoned the plaintiff to a meeting. At this meeting, Sergeant Blair informed the plaintiff that a female postal employee, had made a verbal complaint, accusing the plaintiff of harassing her. Outraged, the plaintiff denied this accusation and requested that Sergeant Blair (1) provide him with a written statement of her complaint; (2) allow him to take notes of the meeting; and (3) allow him the right to leave the meeting.[1] Sergeant Blair refused these requests. The plaintiff contends that Sergeant Blair's refusals constituted sex discrimination because female employees were not subjected to the same treatment under similar circumstances.

In response, the plaintiff filed an informal EEO Request for Counseling on April 16, 1993. On June 24, 1993, the plaintiff filed a formal EEO Complaint of Discrimination, which the Equal Employment Opportunity Commission rejected on or about June 10, 1995.[2] The plaintiff alleges that as a consequence of filing the EEO request for counseling and complaint of discrimination, Lieutenant Crawley, Sergeant Blair's supervisor, retaliated by (1) requiring the plaintiff to report for a Fitness for Duty exam on June 10, 1993; (2) requiring the plaintiff to provide the defendant with medical verification appointment forms before taking sick leave on May 4, 1993; and (3) calling his physician's offices in May and June 1993 to inquire about the availability of medical forms to document the plaintiff's sick leave.

The second allegedly discriminatory act occurred over a year later, on June 3, 1994, when Sergeant Blair again summoned the plaintiff to his office. Another female Postal Service employee had complained that the plaintiff had slapped her car to get her attention as she entered the parking garage. Sergeant Blair told the plaintiff about the

---

**1.** The plaintiff also alleges that after refusing him the right to leave the meeting, Sergeant Blair threatened administrative action if the plaintiff left the meeting prematurely. Compl. at 3–4.

**2.** Postal Service Case No. 6–I–0254–93.

complaint. The plaintiff requested (1) the complaint to be presented to him in writing; (2) the identity of the complainant; (3) a union representative to witness the rest of the meeting; (4) or alternatively to be dismissed from the meeting. Sergeant Blair refused the individual requests, but dismissed the plaintiff from the meeting. After this meeting, the plaintiff again filed a formal EEO Complaint of Discrimination.[3]

### III. Standard of Review

Rule 56 provides that "summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Rule 56 also mandates summary judgment if a party fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In such a situation, there is no genuine issue of material fact since there is a failure of proof concerning an essential element of the non-moving party's case that renders all other facts immaterial. See id. at 322–323, 106 S.Ct. 2548. The moving party meets its burden if it illustrates that there is an absence of evidence to support the non-moving party's case. See id. at 325, 106 S.Ct. 2548. The party opposing a motion for summary judgment may not rely on mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The nonmovant is entitled to the benefit of all reasonable inferences to be drawn from the underlying facts of the case. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The court must accept evidence provided by nonmovants as true and all justifiable inferences are to be drawn in their favor. See id. at 249, 106 S.Ct. 2505. If a reasonable fact finder could infer discrimination based on the evidence submitted, then summary judgment is inappropriate. See Hayes v. Shalala, 902 F.Supp. 259, 264 (D.D.C. 1995). However, "neither the nonmovant's conjecture and surmise nor mere conclusory allegations of discrimination, without more are sufficient to defeat a motion for summary judgment." Carney v. American University, 960 F.Supp. 436, 439 (D.D.C.1997) (quoting Grigsby v. Reynolds Metals Co., 821 F.2d 590, 597 (11th Cir.1987)) (quotation marks omitted).

### IV. Discussion

#### A. Count I: Sex Discrimination

The plaintiff alleges that the defendant sexually discriminated against him when it refused to grant the plaintiff the right to be confronted by written complaints, the right to take notes, and the right to be represented by counsel at the meetings of March 30, 1993 and June 3, 1994. The plaintiff alleges that these refusals violated the National Agreement between the plaintiff's union and the Post Office governing disciplinary procedures. The plaintiff argues that female employees are routinely granted these rights. The defendant responds that it did not violate its own regulations, but even if it did, the plaintiff has failed to make out a prima facie case for sex discrimination. The court agrees with the defendant and grants its motion for summary judgment on this count.

In the ordinary minority-plaintiff Title VII case, plaintiffs alleging discriminatory treatment must make out a prima facie case by proving that (1) they belong to a protected group; (2) they are otherwise qualified and have performed their jobs competently; (3) despite competent performance, they were subjected to adverse personnel action; and (4) other employees in similar circumstances, outside the protected group, were treated differently. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In addition to the normal prima facie case, the D.C. Circuit has required a majority-plaintiff alleging "reverse discrimination" to show "additional background circumstances [that] support the suspicion that the defendant is that unusual

---

**3.** Postal Service Case No. HI–0041–95, rejected on or about May 11, 1995.

employer who discriminates against the majority." *Harding v. Gray,* 9 F.3d 150, 153 (D.C.Cir.1993) (quoting *Parker v. Baltimore & Ohio R.R.,* 652 F.2d 1012, 1017 (D.C.Cir. 1981)) (internal quotation marks omitted).[4] Once the plaintiff meets his burden of making out a *prima facie* case, the burden shifts to the defendant to articulate legitimate, non-discriminatory reasons for the adverse personnel action. *See McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. 1817. If the defendant successfully articulates a legitimate, nondiscriminatory basis for its actions, the plaintiff must introduce competent evidence that the presumptively valid reasons were pretexts for discriminatory motives. *See id.* at 804–05, 93 S.Ct. 1817. In the present case, the defendant argues that the plaintiff has failed to establish a *prima facie* case of sex discrimination because he has not proved that similarly situated female Postal Police Officers were treated differently than he.[5]

■ The complaint does not cite a single instance when a supervisor extended such rights (i.e. the right to be confronted by a written complaint, to be informed of the identity of the complainant, to take notes, and to have assistance of counsel) to a female employee in a situation comparable to the plaintiff's March 30 and June 3 meetings. Instead, the plaintiff conclusorily argues that because a federal agency can be presumed to follow its own regulations, the Postal Service's alleged violation constitutes evidence of discrimination. *See* Pl.'s Memo P & A Opp. Def.'s Mot.Summ.J. at 13.

The court declines to accept the plaintiff's reasoning. Application of such logic would dictate a finding of discrimination at every instance of noncompliance with internal regulations—a preposterous outcome. Even assuming the truth of the plaintiff's allegations that the Post Office failed to comply with its internal regulations, the plaintiff has provided no basis upon which a fact finder in this case could infer that the alleged noncompliance was caused by discriminatory motives rather than personal animosity or a simple day-to-day deviation from the written practices. *Cf. Fischbach v. D.C. Dept. Of Corrections,* 86 F.3d 1180 (D.C.Cir.1996). Rule 56(c) mandates summary judgment for the defendant when the plaintiff fails to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial. *See Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. Because the plaintiff has failed to establish the existence of a single instance in which the defendant treated a similarly situated female employee differently than the plaintiff—a necessary component of a *prima facie* case for sex discrimination—this court must rule in the defendant's favor on the sex discrimination count.

### B. Count II: Retaliation

The plaintiff also alleges that the defendant retaliated against him by (1) ordering the plaintiff to undergo a Fitness for Duty examination on June 10, 1993; (2) requiring the plaintiff to provide the defendant with a DOD Prescription Certificate on May 4, 1993, for a sick leave application (allegedly in violation of the National Agreement); and (3) harassing the plaintiff by calling his physician's offices in May and June 1993, to inquire about the availability of medical forms documenting his sick leave. Again, the defendant argues that the plaintiff has failed to make out a *prima facie* claim for retaliation.[6]

---

4. Although the D.C. Circuit has only had occasion to apply the background circumstances standard in reverse race discrimination claims, it is not disputed that this standard is also applicable to reverse sex discrimination claims. *See, e.g., Notari v. Denver Water Dep't,* 971 F.2d 585 (10th Cir.1992); *Duffy v. Wolle,* 123 F.3d 1026 (8th Cir.1997); *Pierce v. Commonwealth Life Ins. Co.,* 40 F.3d 796 (6th Cir.1994); *Greenslade v. Chicago Sun–Times, Inc.,* 112 F.3d 853 (7th Cir.1997).

5. The defendant also argues that the plaintiff has failed to state a *prima facie* case by not proving sufficient background circumstances to raise an inference of discrimination and that the plaintiff failed to prove that the defendant's legitimate and nondiscriminatory explanations of its actions are pretextual. Because the court holds that the plaintiff failed to establish his *prima facie* case, the court need not assess the validity of these arguments.

6. The defendant also argues that the plaintiff has failed to establish material facts showing that the defendant's explanations for its actions are pretextual. Again, because the court rules that the plaintiff has failed to establish a *prima facie* case, the court declines to evaluate these arguments.

The defendant's assessment is correct, and accordingly the court holds that summary judgment is appropriate on the retaliation claim as well.

■■■ In order to establish a Title VII claim for retaliation, the plaintiff must show (1) that he engaged in a statutorily protected activity; (2) that the defendant took adverse personnel action; and (3) that a causal connection existed between the two. *See Mitchell v. Baldrige,* 759 F.2d 80, 86 (D.C.Cir.1985) (citations omitted). As with the *prima facie* claim for discrimination, the initial burden on the plaintiff is not great. *See id.* The function of the *prima facie* case is to ensure that the plaintiff "establish[es] facts adequate to permit an inference of retaliatory motive." *Id.* As in the discrimination claim, the burden shifts to the defendant to articulate legitimate, nondiscriminatory reasons for its actions, after which the burden again shifts back to the plaintiff to produce evidence showing that the articulated reasons are pretexts for retaliatory motives. *See id.* at 87.

The defendant does not here dispute that the plaintiff has fulfilled the first two *prima facie* elements.[7] The defendant argues that the plaintiff fails in its *prima facie* case on the third element: the showing of a causal connection between the protected activity and the adverse action. Def.'s Reply Supp. Mot.Summ.J. at 9–10. The defendant argues that the plaintiff must, at a minimum, show *both* (1) that the alleged retaliator, Lieutenant Crawley, knew of the plaintiff's protected activity and (2) that the retaliation closely followed the protected activity. *Id.* (citing *Mitchell,* 759 F.2d at 86 (stating that "the causal connection component . . . may be es-

tablished by showing that the employer had knowledge of the employee's protected activity, and that the adverse personnel action took place shortly after that activity")).[8]

■■■ Here, the alleged retaliatory actions took place after the plaintiff's *informal* EEO Request for Counseling but before the *formal* EEO Complaint of Discrimination. The record contains some evidence that the alleged retaliator, Lieutenant Crawley, knew of the formal EEO Complaint of Discrimination at the time of these events. See Crawley Deposition, Def.'s Ex. 4 at 63. The plaintiff however has not developed evidence that Lieutenant Crawley had knowledge of the informal EEO Request for Counseling prior to the alleged retaliatory actions.[9] The defendant contends that because the plaintiff has provided evidence that the adverse action closely followed the protected activity but has not shown that the alleged retaliator knew of the protected activity, the causal link between the two cannot be established.

The plaintiff asserts that the D.C. Circuit does not require proof of a supervisor's knowledge of protected activity as an element of a retaliation claim. Pl.'s Resp. at 5. The plaintiff's argument is that causation may be inferred from temporal proximity alone. *Id.* This is incorrect. A showing of mere temporal proximity, without more, fails to demonstrate the required causal connection between the protected activity and the adverse employment action. *See Carney,* 960 F.Supp. at 447–49. The plaintiff has provided no evidence that the alleged retaliator, Lieutenant Crawley, knew that the plaintiff was asserting his rights prior to

---

7. In the defendant's earlier motion to dismiss, the defendant argued that the plaintiff failed to establish the adverse nature of the personnel action. This court found that the complaint alleged facts sufficient to withstand the defendant's motion to dismiss.

8. *Mitchell* does not state that the causal connection *must* be established through the employer's knowledge of the employee's protected activity shortly followed by adverse action. Presumably, direct evidence (e.g. a supervisor stating "I fired John to get back at him for filing a complaint against me") would be adequate in proving causal link. However, it is at least reasonable to argue that if a court holds that one may infer A

through $B + C$, it would hold that one may not infer A through $B$ or $C$ standing alone.

9. The plaintiff did submit evidence indicating that he informed Sergeant Blair before filing his informal EEO Request for Counseling. Without more, however, one cannot consider this evidence alone would lead to a *reasonable* inference that Lieutenant Crawley also knew of the informal EEO request. The bald fact that someone in a supervisory capacity over the plaintiff knew of the filing is insufficient to lead to a reasonable conclusion that others would also know, unless the plaintiff adduced evidence that this was the sort of information of which intermediate supervisors were required to inform their managers.

June 24, 1993, the date the plaintiff filed his first formal EEO Complaint of Discrimination. The plaintiff has failed to adduce any evidence that Lieutenant Crawley knew of the plaintiff's informal EEO Request for Counseling, filed on April 16, 1993. Therefore, any action that the Post Office took prior to June 23, 1993—the date that the plaintiff filed his formal EEO Complaint—cannot logically have been taken in retaliation for the plaintiff's protected action. Without this causal link, the plaintiff's case fails since he has not developed sufficient facts to "permit an inference of retaliatory motive." *Mitchell*, 759 F.2d at 86.[10]

The plaintiff also argues that "[i]f the Post Office wishes to assert that Lt. Crawley's actions were not retaliatory because he wasn't aware of plaintiff's protected actions, it is the duty of the Post Office—not plaintiff—to provide such proof. Defendant's record on summary judgment is utterly lacking such proof." Pl.'s Resp.Def.'s Reply Supp. Mot.Summ.J. at 5. The plaintiff is mistaken on this point. The duty to establish the necessary elements of a *prima facie* case lies with the plaintiff. *See, e.g., St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). Since the plaintiff has failed to establish evidence supporting an inference of causation, the court therefore grants the defendant's motion for summary judgment on the plaintiff's retaliation claim.

## V. Conclusion

For the foregoing reasons, this court grants the defendant's motion for summary judgment. A separate order for the entry of judgment accompanies this Memorandum Opinion.

**SO ORDERED.**

### *ORDER*

In accordance with the Memorandum Opinion issued on the 13 day of August, 1998, it is this 14 day of August, 1998,

**ORDERED** that the Defendant's Motion for Leave to File One Day Late His Motion for Summary Judgment be and is hereby **GRANTED** *nunc pro tunc*; it is

**FURTHER ORDERED** that the Plaintiff's Motion for Leave to File a Response to Defendant's Reply in Support of its Motion for Summary Judgment be and is hereby **GRANTED** *nunc pro tunc*; it is

**ORDERED** that the Defendant's Motion for Summary be and is hereby **GRANTED;** and it is

---

10. It is indicative of the weakness of the plaintiff's argument that none of the D.C. Circuit cases upon which he relies actually supports his argument. See Pl.'s Resp. at 5. The plaintiff cites *Mitchell*, 759 F.2d at 86, n. 6, quoting *Grant v. Bethlehem Steel Corp.*, 622 F.2d 43 (2d Cir.1980). The language quoted from *Bethlehem Steel* does appear to support the plaintiff's position: "courts have recognized that proof of causal connection can be established indirectly by showing that protected activity is followed by discriminatory treatment." *Bethlehem Steel*, 622 F.2d at 46. However, the Second Circuit strongly emphasized in their recitation of facts that the workers were treated differently immediately after the hiring agents received *notice* of the EEOC complaints. *Id.* at 45–46.

The other cases relied upon by the plaintiff are equally unhelpful. The page cited to in *Hayes v. Shalala*, 902 F.Supp. 259 (D.D.C.1995) simply repeats the *Mitchell* holding that causation "may be established by showing that the employer had knowledge of the employee's protected activity, and that the adverse personnel action took place shortly after that activity." *Hayes*, 902 F.Supp. at 264 (quoting *Mitchell*, 759 F.2d at 86). In that case, Hayes, the plaintiff, alleged retaliation as a consequence of an earlier lawsuit and settlement against his employer. The employer obviously knew of the protected action—the filing of a lawsuit for discrimination. Another district court opinion, *Klein v. Derwinski*, 869 F.Supp. 4, 9 (D.D.C.1994), has language that appears helpful to the plaintiff. However, the analysis in *Klein* focuses on the fact that the supervisor was notified of the protected activity and triggered an angry response. *Id.* at 9. *Garrett v. Lujan*, 799 F.Supp. 198 (D.D.C.1992) is equally unhelpful. There, the plaintiff alleged, and the defendant did not dispute, that the defendant was aware of the plaintiff's prior EEO activities. *Id.* at 202. The last case cited, *Globus v. Skinner*, 721 F.Supp. 329 (D.D.C.1989), again does not help the plaintiff. The plaintiff in that case alleged retaliation as a result of being listed as a witness in a class action lawsuit against the defendants. The court in *Globus* held that passage of two years between the protected activity—being listed as a witness for the class action plaintiffs—and the allegedly retaliatory act did not make the causal link unreasonably attenuated to find an inference of causation. *Id.* at 335.

**FURTHER ORDERED** that the Above-captioned Action be and is hereby **DISMISSED** with prejudice.

**SO ORDERED.**