**Ronald BEECK, Plaintiff,**

v.

**FEDERAL EXPRESS CORPORATION, Defendant.**

**No. Civ.A. 97–1673(TAF).**

United States District Court, District of Columbia.

Jan. 4, 2000.

Gregory L. Lattimer, Temple Law Office, Washington, DC, for Plaintiff.

Merrell Beth Renaud, Hazel & Thomas, P.C., Falls Church, VA, Colby S. Morgan, Jr., Federal Exp. Corp., Memphis, TN (pro hac vice), R. Mark Dare Reed, Smith, Hazel & Thomas, L.L.P., Falls Church, VA (pro hac vice), for Defendant.

### MEMORANDUM–OPINION

FLANNERY, District Judge.

Plaintiff Ronald Beeck (hereinafter "Beeck" or "plaintiff") brought this action alleging two claims: age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, and intentional infliction of emotional distress. Plaintiff has more recently asserted that he also brings a claim of retaliation in violation · of 29 U.S.C. § 623(d), although no such claim is presented in the complaint.

Presently pending before the Court is defendant's motion for summary judgment. In response to the motion, plaintiff withdrew his intentional infliction of emotional distress claim. The Court will therefore address only the discrimination and retaliation claims.

As to the discrimination claim, the Court finds that plaintiff has not alleged that defendant acted with the sort of discriminatory motive that is prohibited by the ADEA, and that the evidence in the record would not support such an allegation in any case. The Court finds that the retaliation claim is also invalid on the merits, assuming that the Court were to overlook the fact that the claim was not alleged in the complaint. Accordingly, summary judgment is granted as to all remaining claims.

### I. Background

The Court views the record in the light most favorable to the non-moving party. *See Currier v. Radio Free Europe/Radio Liberty, Inc.,* 159 F.3d 1363, 1364 n. 1 (D.C.Cir.1998). This action arose out of plaintiff's demotion and transfer following the issuance of three "reminder" (i.e.disciplinary) letters by plaintiff's supervisors during the summer of 1995. Prior to that date, plaintiff had been employed by defendant Federal Express since 1982. In 1993, Douglas McKenna ("McKenna"), the Managing Director of the Eastern Region Air/Ground Terminals and Transportation, promoted plaintiff to the position of Senior Manager at the IAD station at Dulles Airport (hereinafter "Dulles") in Virginia. As Senior Manager, plaintiff was responsible for all Federal Express operations at Dulles, which included unloading express mail packages from incoming flights and transporting them by tractor-trailer to a "receiving station" responsible for final distribution.

At the time plaintiff began as Senior Manager, he reported to McKenna. However, around August of 1994, McKenna was himself promoted and Edward Kuczma ("Kuczma") replaced McKenna as Managing Director and plaintiff's immediate supervisor. In April of 1995. Kuczma asked plaintiff to promote twelve parties into higher paying positions without first posting the positions, in violation of company policy. Plaintiff refused to do so unless Kuczma put the request in writing. Kuczma replied that "if [plaintiff] didn't do it, he would give [plaintiff] a letter" for "failure to work as directed." Beeck January 15, 1999 Dep. (hereinafter "Beeck Dep. I") at 30, 31. After a "heated discussion," plaintiff still refused to comply unless the request was in writing because the violation of procedure was grounds for termination. *Id.* at 30, 32. Although Kuczma did not issue the threatened letter at that

time, plaintiff observed that his relationship with Kuczma began deteriorating after that point, and that "[a]fter that it seems that they looked for everything they possibly could to try to get [him] in some type of discipline." *Id.* at 30.

On June 14, 1995, Kuczma issued a reminder letter to plaintiff holding him responsible for an incident in which a trailer full of express packages had been driven from Dulles to the receiving station in the District of Columbia (hereinafter the "DCA station") on a Friday and had sat there unloaded over the weekend. On August 2, 1995, Kuczma issued plaintiff a second reminder letter, alleging that plaintiff had not fulfilled his responsibility to chair the meetings of the "CORE Team," a cross-divisional group meeting to improve service within the area and over which the Senior Manager was chairperson.

On August 30, 1995, John M. O'Donovan ("O'Donovan"), who had replaced Kuczma as Managing Director on August 1, 1995, issued plaintiff a third reminder letter after the Federal Express station at Dulles had failed a government ramp audit. The next day, O'Donovan demoted Beeck, allegedly for unacceptable performance. Plaintiff, who had recently turned 55 years old, was replaced as Senior Manager at Dulles by Parker Edson ("Edson"), who was 51. Following the demotion, plaintiff was given the option of resigning or accepting a transfer to the DCA station as a Ramp Operations Manager. On September 6, 1995, plaintiff accepted the transfer although the position required a much longer commute than his former job at Dulles.

On February 8, 1996, plaintiff requested that he be transferred back to Dulles to work as an Operations Manager. This request was denied. However, plaintiff was subsequently transferred to defendant's facility in Baltimore, Maryland, a roughly 150–mile commute. Later, plaintiff was transferred again, this time to a facility in Florida where he was still employed at the commencement of this action.

Plaintiff alleges that the reminder letters were a pretext, and that in each case, the alleged problem was either not attributable to plaintiff or else was wholly a fabrication. Plaintiff further alleges that the demotion, the subsequent transfers to locations requiring long commutes and the denials of plaintiff's requests for transfer to a more convenient position all constituted a single coordinated effort to induce plaintiff to accept voluntary resignation.

## II. Discussion

### A. Standard of Review

Under Fed.R.Civ.P. 56, a party may move for summary judgment if the record indicates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Material facts are those which "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To avoid summary judgment, the non-moving party must demonstrate that a genuine dispute exists, and provide evidence sufficient for a reasonable trier-of-fact to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 106 S.Ct. 2505. A court making a summary judgment determination must view the facts in a light most favorable to the non-movant, giving the non-movant the benefit of all reasonable inferences derived from the evidence in the record. *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505. The Court proceeds under this standard to determine whether plaintiff has presented sufficient evidence of a valid claim.

### B. ADEA Age Discrimination Claim

Plaintiff alleges that he was demoted and transferred in violation of the ADEA. The ADEA prohibits an employer from taking adverse actions against an employee "because of such individual's

age." 29 U.S.C. § 623(a)(1). Defendant argues that plaintiff is not in fact alleging that defendant took any adverse action because of his age and therefore has not brought a valid ADEA claim.

In the record, plaintiff asserted two possible motivations for the employment actions at issue. First, in deposition, plaintiff alleged that Kuczma issued the first two reminder letters to retaliate against plaintiff after Kuczma directed him to promote certain employees without first posting the available positions and plaintiff refused to do so. Plaintiff alleged that O'Donovan continued the retaliation because he was "Kuczma's puppet." Beeck Dep. I at 50.

Plaintiff's allegation does not present a valid ADEA claim. As noted, the ADEA prohibits demotions resulting from age discrimination. Kuczma's alleged retaliation is a motive wholly distinct from age prejudice. Hence, plaintiff's pursuit of a remedy under the ADEA for this retaliation is improper.

■ Plaintiff alternately asserts that he was demoted in an effort to prevent him from reaching retirement age with a high level of pay, which would entitle him to a high level of benefits upon retirement. This allegation appears first in his charge to the Equal Employment Opportunity Commission, in which he states:

All of these actions were taken because I had reached an age which would have allowed me to exercise some retirement options at a certain level of pay. Further supporting this conclusion is the fact that Federal Express replaced me as a manager at Dulles with a younger employee.

Therefore, I charge that Federal Express discriminated against me because of my age beginning in June 1995 and continuing through at least April 1996.

*See* Def.Ex. 26. Plaintiff again presented his age discrimination claim in this form in his complaint:

Notwithstanding the prohibitions of [the ADEA,] Federal Express repeatedly and blatantly subjected Plaintiff to adverse actions because of his age, such as demoting him and replacing him with a younger man; refusing him transfers, giving him assignments which required unwarranted commutes at inexplicable times and in the process, requiring him to work extended hours *all in an effort to force him to quit before he would be entitled to attractive retirement and/or severance benefits.*

Compl. ¶ 17 (emphasis added). In deposition, plaintiff testified similarly:

[T]he longer you work with the company the more you get for retirement, but it's based on salary. So what they do by— you reach a certain age, they don't want you anymore because, A, you are a highly paid executive. They can cut down on their retirement by demotion, lowering my salary, allowing me to continue to work, but it impacts my retirement.

Beeck Dep. I at 88.

The Court finds that this claim, even if true, would not justify relief under the ADEA in light of *Hazen Paper Co. v. Biggins,* 507 U.S. 604, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993). In that case, an employee bringing an ADEA claim alleged that he was discharged because his pension benefits were about to vest due to the number of his years of service. The Supreme Court stated that "the essence of [unlawful] age discrimination" was "for an older employee to be fired because the employer believes that productivity and competence decline with old age." *Id.* at 610, 113 S.Ct. 1701. The Court held that as a result, "[t]he employer cannot rely on age as a proxy for an employee's remaining characteristics, such as productivity, but must instead focus on those factors directly." *Id.* at 611, 113 S.Ct. 1701. However, "[w]hen the employer's decision is wholly motivated by factors other than age, the problem of inaccurate and stigmatizing stereotypes disappears[,] *even if the motivating factor is correlated with age.*"

*Id.* (emphasis added). Under this standard, the Court held that the alleged attempt to interfere with pension benefits, while perhaps actionable under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140, did not present a claim under the ADEA. "The decision [was] not the result of an inaccurate and denigrating generalization about age, but ... rather ... an *accurate* judgment about the employee—that he was indeed 'close to vesting.'" *Id.* at 612, 113 S.Ct. 1701.

Plaintiff's claim fails for the same reason. Plaintiff alleges that he was demoted to deny him the level of benefits he would otherwise be entitled to receive if he reached a certain age as a Senior Manager. As in *Hazen Paper,* plaintiff here does not allege that he was demoted and transferred because of inaccurate stereotypes and prejudices regarding older workers but rather because of an accurate judgment about his right to a certain level of retirement pay. Thus, plaintiff has not alleged a claim which can be brought under the ADEA.

In oral argument, plaintiff presented a third construction of his age discrimination claim. He stated that Kuczma took the disciplinary actions against plaintiff because plaintiff's refusal to promote certain employees without first posting the positions demonstrated that he was an employee of the "old school" who "followed the book." Plaintiff asserts that this is equivalent to an age discrimination claim. However, an allegation that plaintiff was fired because he was from the "old school" is simply not the same as claiming that he was fired because he was old. Indeed, this construction is even farther removed from a valid ADEA claim than plaintiff's claim of benefits interference because there is not even a facial correlation between an employee's desire to "follow the book" and the employee's age. Because plaintiff does not allege that he was discharged because of irrational prejudice against older work-

ers, his claim is not cognizable under the ADEA.

■ Moreover, even if plaintiff were to assert that irrational prejudice were the motivation, the evidence would not support such an assertion. A plaintiff suing under the ADEA may establish his claim of discrimination by either direct evidence of discriminatory intent or circumstantially by using the familiar burden-shifting scheme announced in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Hall v. Giant Food, Inc.,* 175 F.3d 1074, 1077 (D.C.Cir. 1999). However, the record does not support either a direct or circumstantial case.

■ As direct evidence of discrimination, plaintiff points to certain comments made by Kuczma and O'Donovan. First, he alleges that both Kuczma and O'Donovan told him around the time of the second reminder letter that plaintiff should think about retiring. Beeck Dep. I at 115–16. Derogatory remarks may be direct evidence of age discrimination. *See O'Connor v. Consolidated Coin Caterers Corp.,* 56 F.3d 542, 548–49 (4th Cir.1995), *rev'd on other grounds,* 517 U.S. 308, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996). However, the mere suggestion that plaintiff consider retiring cannot be considered derogatory.

Plaintiff also alleges that when he would have after-meeting dinners with his co-workers, the group would choose to go out afterwards but plaintiff would generally retire. At such times, plaintiff alleges, Kuczma, O'Donovan and others would frequently make comments similar to "he's the old man, he needs his rest, ... he can't keep up with us young guys." Beeck Dep. I at 111–12. Kuczma would also ask plaintiff at meetings if plaintiff could "keep up." *Id.* at 114.

These comments also provide no direct evidence to support plaintiff's claim. Direct evidence does not include stray remarks in the workplace, even if made by decision-makers, where the remarks are unrelated to the decisional process itself.

*See Siragy v. Georgetown University,* No. CIV.A. 97–2557, 1999 WL 767831, *6 (D.D.C. Aug.20, 1999) (citing *Garrett v. Lujan,* 799 F.Supp. 198, 200, 202 (D.D.C. 1992); *Ayala–Gerena v. Bristol Myers– Squibb Co.,* 95 F.3d 86, 95 (1st Cir.1996)); *see also Price Waterhouse v. Hopkins,* 490 U.S. 228, 277, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989) (O'Connor, J.) (discriminatory "statements by decision makers unrelated to the decisional process" are not direct evidence of discrimination). Instead, there must be a nexus between the remark and the adverse employment decision. *See Kalekiristos v. CTF Hotel Management Corp.,* 958 F.Supp. 641, 665 (D.D.C.1997). Because the alleged remarks at social dinners and random meetings have no evident connection to either the issuance of reminder letters or the demotion and transfer actions, there is no direct evidence that would support a valid claim of age discrimination.

■ Plaintiff has also failed to make out a circumstantial case under the *McDonnell Douglas* framework. Under this test, plaintiff must first establish a prima facie case by demonstrating that: (1) he belongs in the statutorily protected group; (2) he was qualified for the position; (3) he was demoted; and (4) he was disadvantaged in favor of a younger person. *See Hall,* 175 F.3d at 1077. Plaintiff has failed to satisfy the fourth prong.

■■ To raise an inference of discrimination by showing that a younger person was favored, a plaintiff must point to a worker with a "significant" or "substantial" difference in age. *See O'Connor v. Consolidated Coin Caterers Corp.,* 517 U.S. 308, 313, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996); *Ware v. Howard University,* 816 F.Supp. 737, 750 (D.D.C.1993). Several courts of this Circuit have found that a difference of less than five years between the plaintiff and the favored employee is not sufficiently substantial to raise an inference of age discrimination. *See Siragy v. Georgetown University,* No. CIV.A. 97– 2557, 1999 WL 767831, *7 (D.D.C. Aug.20, 1999) (finding that a difference of only four years weighs against inference of age discrimination); *Clifton v. Federal National Mortgage Assoc.,* 36 F.Supp.2d 20, 26 (D.D.C.1999) (holding that three-year difference did not support prima facie case of age discrimination). Here, plaintiff alleges that after his demotion, he was replaced by Edson, who is less than four years younger than plaintiff.[1] Accordingly, even if plaintiff had alleged that his demotion was the result of irrational age discrimination, plaintiff's evidence is not in any event sufficient to support that claim. Defendant's motion for summary judgment is therefore granted.

### C. Retaliation

The Court first observes that plaintiff has failed to allege a claim of retaliation in the complaint. The only claims alleged were claims of age discrimination and intentional infliction of emotional distress. Nor has plaintiff made any motion to amend the complaint to add such a claim. There is therefore no retaliation claim before the Court, and this fact alone is sufficient grounds to disallow plaintiff from proceeding on such a claim.

■ Nevertheless, the Court also observes that plaintiff's claim, as argued in his memorandum of law, fails on the merits. The ADEA prohibits an employer from retaliating against an employee "because such individual, member or applicant

1. Plaintiff alleged in his memorandum and at oral argument that Edson was demoted shortly after receiving the position, and suggests that defendant's replacing plaintiff with Edson was itself a pretext to hide the discriminatory nature of plaintiff's demotion. However, there is no support for these allegations in the record. Plaintiff alleged in deposition that "when Parker Edson wasn't able to do the job down here, they moved him back to Boston...." Beeck Dep. I at 87. Even assuming plaintiff's allegation is admissible evidence of Edson's removal, it indicates that Edson was *not* removed as a pretext for age discrimination but because of Edson's own inadequate performance.

for membership has opposed any practice made unlawful by this section or because such individual [or] participated in any manner in an investigation, proceeding, or litigation under this chapter." 29 U.S.C. § 623(d). This Circuit construes "opposition" broadly as including virtually any open allegation of discriminatory behavior. Thus, an informal letter to an employer alleging a discriminatory act is sufficient to constitute opposition. *See Paquin v. Federal Nat. Mortg. Ass'n*, 119 F.3d 23, 32 (D.C.Cir.1997) (holding employee's letter claiming that discharge was result of age discrimination was protected activity); *see also Sumner v. United States Postal Serv.*, 899 F.2d 203, 209 (2d Cir.1990) (explaining that acceptable forms of protected activity under Title VII's analogous opposition clause include formal charges of discrimination "as well as informal protests of discriminatory employment practices, including making complaints to management, writing critical letters to customers, protesting against discrimination by industry or society in general, and expressing support of co-workers who have filed formal charges"). Alternatively, activities in preparation or furtherance of litigation have been held to constitute opposition. *See, e.g., Kempcke v. Monsanto Co.*, 132 F.3d 442, 445 (8th Cir.1998) (holding that giving documents to attorney to support age discrimination claim was protected activity). Here, however, plaintiff does not point to either an open allegation of discriminatory behavior or a participation in litigation. Instead, he asserts that his refusal to retire when he was demoted constituted the requisite opposition to an unlawful practice. Beeck asserts that his supervisors retaliated against him following his refusal to resign by transferring him to distant locations and by refusing his own request for transfer back to Dulles. However, this Court can find no case law which suggests that protected "opposition" extends beyond open allegations of discrimination to the sort of stoic, silent endurance plaintiff alleges here. Accordingly, even if plaintiff's retaliation claim had

been properly raised in the complaint, it would fail on the merits.

*III. Conclusion*

For these reasons, this Court will grant defendant's motion for summary judgement and dismiss the action in its entirety. An appropriate order will accompany this opinion.