Enoch J. WILLIAMS, Plaintiff,

v.

WASHINGTON CONVENTION
CENTER AUTHORITY,
Defendant.

No. Civ. 03–1806(RJL).

United States District Court,
District of Columbia.

March 14, 2005.

Janet Cooper, Hyattsville, MD, for Plaintiff.

Deborah Murrell Whelihan, Jordan Coyne & Savits, LLP, Washington, DC, for Defendant.

### *MEMORANDUM OPINION*

LEON, District Judge.

Plaintiff Enoch Williams ("Williams" or "plaintiff") commenced the instant action against his former employer, the Washington Convention Center Authority ("WCCA" or "defendant"), alleging age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.;* Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.;* and the D.C. Human Rights Act. Presently before the Court is the defendant's motion for summary judgment. For the following reasons, the Court GRANTS the defendant's motion and dismisses the action in its entirety.

## I. ANALYSIS

The issue before the Court is whether the plaintiff has established a prima facie case of age discrimination and retaliation within the meaning of the ADEA, Title VII, or the D.C. Human Rights Act and, if he has, whether the defendant has articulated legitimate, nondiscriminatory reasons for its actions.

Summary judgment is appropriate when the pleadings and the record demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The Court must view the facts in the light most favorable to the non-moving party and give the non-moving party the benefit of all justifiable inferences derived from the evidence in the record. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court uses this standard to determine whether the plaintiff has presented sufficient evidence of a valid claim. *Beeck v. Fed. Express Corp.*, 81 F.Supp.2d 48, 51 (D.D.C.2000).

For the following reasons, the Court concludes that the plaintiff has only established a prima facie case for retaliation, and the defendant has articulated legitimate, nondiscriminatory reasons for its alleged retaliatory conduct.

### A. Age Discrimination

■ The plaintiff has not established a prima facie case of age discrimination. To prove that the allegations in his complaint amount to age discrimination in violation of the ADEA, Title VII, and the D.C. Human Rights Act, the plaintiff must satisfy the following three-prong inquiry: (1) that he belongs to a protected class; (2) that he suffered an adverse employment action; and (3) that the unfavorable action gives rise to an inference of discrimination. *See Brown v. Brody*, 199 F.3d 446, 452 (D.C.Cir.1999). In this case, the plaintiff has not demonstrated that the defendant's conduct gives rise to an inference of discrimination.

■ To raise an inference of disparate treatment, plaintiff must "point to a worker with a 'significant' or 'substantial' difference in age whose employment situation was nearly identical, but who was treated more favorably." *Beeck*, 81 F.Supp.2d at 54. The basis for the plaintiff's age discrimination claim is that other employees outside of his age group were given more favorable annual performance ratings in 1999 and 2000 despite the plaintiff's more outstanding work record, and that he was denied the opportunity to work the same amount of overtime as younger employees. Compl. ¶¶ 9–10.

■ These allegations, however, do not raise an inference of disparate treatment, particularly when viewed in conjunction with the totality of the evidence in the record. First, the plaintiff has not demonstrated that his "satisfactory" annual performance ratings were based upon his age rather than merit. Nor has the plaintiff demonstrated that the annual performance ratings for the younger employees were based on factors other than merit. In 1999, plaintiff, a 64–year–old event attendant, was given a "satisfactory" performance rating. Compl. ¶¶ 4, 9. That year, fifteen of the thirty eight other event attendants were under the age of forty. Def.'s Statement of Undisputed Material Facts ("Def.'s SUMF"), ¶ 27. Of those fifteen, ten were rated "satisfactory" and one was rated "unsatisfactory." *Id.* Similarly, in 2000, thirteen of the thirty six event attendants were under the age of forty. *Id.* ¶ 28. Of those thirteen, six were rated "satisfactory." *Id.* These statistics support a finding that the defendant was not giving younger employees more

favorable performance ratings. Moreover, in addition to receiving ratings similar to those of his younger co-workers, plaintiff's "satisfactory" performance rating in 1999 and 2000 was also consistent with the ratings he received from 1992 through 2002. *Id.* ¶ 5.

Moreover, plaintiff has not shown that he was denied overtime opportunities on the basis of his age. Plaintiff challenges the denial of his right to work overtime on October 14, 2000 and February 23, 2002. Contrary to the defendant's allegations, however, the defendant denied plaintiff overtime on these occasions based upon existing, age-neutral policies for allocating overtime to its employees. On October 14, 2000, for example, the defendant denied plaintiff overtime because the plaintiff had worked overtime earlier that week and the defendant interpreted the existing overtime policy to restrict an employee's overtime to one day per weekly pay period. *See* Exhibit G to Def.'s MSJ (Official Grievance filed by plaintiff on 10/20/00). Although the defendant subsequently discontinued the "one day per week" policy, the plaintiff was awarded full compensation for the overtime he was denied when the policy was in effect. *See* Exhibit H to Def.'s MSJ (Letter from the Director of WCCA Facility Operations to the plaintiff).

Similarly, the plaintiff was not improperly denied overtime on February 23, 2002 because the denial comported with the defendant's existing overtime allocation procedure. *See* Exhibit K to Def.'s MSJ ("Exh.K") (Letter from the Manager of WCCA Building Services to the Union Vice President concerning plaintiff's grievance). On Wednesday, February 20, 2002, the plaintiff was notified that overtime would be available on Saturday, February 23, 2002. Exhibit J to Def.'s MSJ (Official Grievance filed by plaintiff on 2/27/02). However, plaintiff's supervisor subse-

quently denied him the overtime after learning that the plaintiff had worked overtime earlier that same week. Exh. K. The plaintiff has not demonstrated that the denial was based upon his age or that other employees outside his age group were treated more favorably because the defendant denied the overtime based upon its procedure for administering overtime. *See id.* The defendant's management was obligated to award the overtime to the most senior employee available after the plaintiff because, pursuant to the overtime procedure, management is required to proceed "to the end of the Seniority List until it has been exhausted." *Id.* The denial of overtime was not discriminatory because the plaintiff had worked overtime earlier that week and the seniority list had not been exhausted. *Id.* Accordingly, for the foregoing reasons, the plaintiff has not demonstrated a prima facie case for age discrimination.

**B. Retaliation**

 Plaintiff alleges that he was subjected to a "continuously hostile work environment" during May 2001 in retaliation for filing an age discrimination complaint in October 2000. Compl. ¶ 11. To prove a prima facie case for retaliation, the plaintiff must demonstrate that: (1) he engaged in protected activity, (2) the employer subjected him to adverse action or conduct that had an adverse impact on him, and (3) there is a causal link between the protected activity and the adverse action. *Brown,* 199 F.3d at 453. The plaintiff may establish a causal connection "by showing that the employer had knowledge of the employee's protected activity, and that the adverse personnel action took place shortly after that activity." *Mitchell v. Baldrige,* 759 F.2d 80, 86 (D.C.Cir.1985). Although Williams has not presented an overwhelmingly strong prima facie case for retaliation, his burden in this regard is not great,

and the evidence in the record is enough to satisfy his burden. *See Hazward v. Runyon,* 14 F.Supp.2d 120, 124 (D.D.C.1998).

Nevertheless, even though the plaintiff has made a prima facie case, the defendant is still entitled to judgment as a matter of law if it articulates legitimate, nondiscriminatory reasons for its actions. *See Hazward,* 14 F.Supp.2d at 124 (noting that the defendant can rebut the plaintiff's retaliation claim by articulating legitimate, nondiscriminatory reasons for its action). To support his retaliation claim, the plaintiff specifically alleges that he was: (1) ordered to clean facilities outside of his assigned area; (2) told to move heavy trash and clean areas contrary to his medical restrictions; (3) "stalked" by a supervisor; (4) issued unwarranted "Employee Action Notices;" (5) given a negative performance rating; and (6) denied certain overtime opportunities. Compl. ¶¶ 12–14.

Upon consideration of these allegations and the entire record herein, however, the Court concludes that the defendant has articulated legitimate, nondiscriminatory reasons for its conduct, and that there is no evidence that these reasons were pretexts for retaliatory motives. The defendant, for example, submits that the plaintiff was required to clean any area within the Convention Center and therefore it was not retaliatory when he was ordered to clean an area outside his daily assignment area. Def.'s SUMF, ¶ 2. Moreover, the plaintiff's supervisor was entitled to enter plaintiff's assigned work areas to inspect his work and to dole out additional assignments. *See id.* ¶ 19. Finally, the defendant had legitimate, nondiscriminatory reasons for giving the plaintiff a "satisfactory" performance rating in 2001, particularly when the plaintiff had consistently received "satisfactory" ratings since 1992. *See id.* ¶ 5. Accordingly, the defendant is entitled to judgment with re-

spect to the retaliation claim as a matter of law.

## II. CONCLUSION

For the foregoing reasons, the Court will grant defendant's motion for summary judgment and dismiss the action in its entirety. An appropriate order will accompany this opinion.