Jamshyd **RASEKH**, Plaintiff,

v.

Ann **VENEMAN**, Secretary, U.S. Department of Agriculture, Defendant.

No. 01–CV–1169 (RJL).

United States District Court, District of Columbia.

July 6, 2004.

Gary Thomas Brown, Lawrence J. Sherman, Brown & Sherman, LLP, Washington, DC, for Plaintiff.

Peter David Blumberg, U.S. Attorney's Office, Washington, DC, for Defendant.

## MEMORANDUM OPINION & ORDER

LEON, District Judge.

Before the Court is a motion for summary judgment by Defendant, Ann Veneman, the Secretary of the U.S. Department of Agriculture. After consideration of the parties' submissions and the relevant law, the Court GRANTS the Defendant's motion for summary judgment.

### I. Background

Dr. Jamshyd Rasekh ("Rasekh"), an Iranian-born, American citizen of Asian race, is a GS–13 employee in the Standards Development Branch of the Office of Animal and Egg Production Food Safety Staff of the Food Safety and Inspection Service ("FSIS") of the United States Department of Agriculture ("USDA"). Pl.'s Compl. ¶¶ 4–5. He has brought a complaint against Secretary Veneman (the "Secretary") in her official capacity, alleging that he was unfairly discriminated against because of his national origin, race, and age,

and in retaliation for his prior activities protected by Title VII.[1] *Id.* ¶ 1.

In particular, Rasekh disputes his January 1999 non-selection for the GS–14 position of Branch Chief in the Standards Development Branch, Labeling, Products and Technology Division of USDA. *Id.* ¶¶ 14–15. The position was posted as an "Interdisciplinary Position" open to microbiologists, veterinary medical officers, and food technologists. Def.'s Mot. for Summ. J. Ex. 2 at 1. After the selection process, which included an interview before a Behavioral Event Interview ("BEI") panel,[2] the selecting official, Mr. Charles Edwards, selected Dr. Daniel Lazenby ("Lazenby"), a Caucasian veterinarian, for the position. Def.'s Mem. in Supp. of Mot. for Summ. J. at 3–5; Pl.'s Compl. ¶ 15(A). Rasekh argues that he was the most qualified applicant and that Dr. Lazenby lacked the necessary background in food technology and food standards. Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. at 6. Rasekh claims that his non-selection in favor of a less qualified candidate was motivated by illegal discrimination. *Id.* at 7–8. To the contrary, Secretary Veneman asserts that there was no such discrimination and that Dr. Lazenby was, in fact, the most qualified candidate for the position. Def.'s Mem. in Supp. of Mot. for Summ. J. at 11.

In addition, Rasekh presents several other allegations of discrimination in his employment at the USDA. Rasekh had allegedly applied for, and been denied, promotions to three other GS–14 positions on several previous occasions. Pl.'s Compl.

¶ 14. He accuses the USDA of giving him fewer "visible and high profile work assignments" and excluding him from staff meetings. *Id.* ¶ 17. The Secretary, however, asserts that Rasekh's additional claims fail to state an adverse employment action that is necessary to state a *prima facie* case of discrimination. Def.'s Mem. in Supp. of Mot. for Summ. J. at 2. Additionally, Rasekh, who was a GS–13, Step 10, asserts that he was discriminated against in his non-selection for a GS–14 detail. Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. at 40–41. The Secretary replies that the position was limited to persons at the GS–14 level. Def.'s Mem. in Supp. of Mot. for Summ. J. at 24. Accordingly, Defendant has moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, the Court GRANTS the Secretary's motion.

## II. Standard of Review

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see, e.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. *Diamond v. Atwood,* 43 F.3d 1538, 1540 (D.C.Cir.1995). However, "if the evidence

---

1. These claims are brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA").

2. BEI panel interviews are required for all positions at the GS–14 level and above.

Def.'s Mem. in Supp. of Mot. for Summ. J. at 3. They consist of a panel asking each applicant a set of standardized questions preselected to correlate with the behaviors needed for the position. *Id.* at 3–4. The selecting officer is not part of the panel, but does receive the results. *Id.* at 4–5.

is merely colorable," or "not significantly probative," summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party bears the initial burden of informing the Court of the basis for its motion and identifying those portions of the evidence that demonstrate the absence of a genuine issue of material fact. *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548. Once the moving party has met its burden, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see, e.g., Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Doe v. Gates,* 981 F.2d 1316, 1323 (D.C.Cir.1993).

In the context of an employment discrimination suit, the Court follows the familiar three-part burden-shifting test set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).[3] Under this framework, the complainant must first establish a *prima facie* case of discrimination. *Id.* at 802, 93 S.Ct. 1817. "The burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Id.* Finally, if the employer has met its burden of production, the plaintiff must show that the offered nondiscriminatory reason was merely pretextual and the true reason was discriminatory. *Id.* at 804, 93 S.Ct. 1817. The D.C. Circuit articulated this final burden of persuasion, noting that "the plaintiff may carry this burden either indirectly by showing that the reason prof-

fered by the defendant was in fact a pretext or directly by showing that it was more likely than not that the defendant was actually motivated by discrimination." *Cuddy,* 762 F.2d at 123. In order to establish a *prima facie* case of discrimination based on race, national origin, or age in a non-selection case, Rasekh must establish that: " '(1) [he] is a member of a protected class; (2) [he] suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination.' " *Stella v. Mineta,* 284 F.3d 135, 145 (D.C.Cir.2002) (quoting *Brown v. Brody,* 199 F.3d 446, 452 (D.C.Cir.1999)).

### III. Analysis

The Secretary has conceded that Rasekh has established a *prima facie* case of discrimination based on race and national origin as it relates to his non-selection in January 1999. Def.'s Mem. in Supp. of Mot. for Summ. J. at 8. However, the Secretary asserts that Rasekh has failed to establish a *prima facie* case with respect to the age discrimination and retaliation claims. *Id.* The Court agrees.

### A. January 1999 Non-selection

As the Secretary concedes that Rasekh established a *prima facie* case of discrimination based on race and national origin, the burden has shifted to the Secretary to articulate a legitimate, nondiscriminatory reason for the non-selection. *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The Secretary did so by explaining that Lazenby was selected for the position solely because he was the superior candidate, a legitimate basis for non-selection of the plaintiff. Def.'s Mem. in Supp. of Mot. for Summ. J. at 11. As evidence, the Secretary offered Mr. Charles Ed-

---

**3.** Although *McDonnell Douglas* specifically referred to discrimination cases brought under Title VII, cases brought under the ADEA have

utilized the same framework. *See, e.g., Cuddy v. Carmen,* 762 F.2d 119, 122 (D.C.Cir.1985).

wards's extensive explanation of the selection criteria. *Id.* at 12 (citing Ex. 13). As a result, Rasekh is required to demonstrate that this proffered reason is mere pretext in order to survive summary judgment. *See Cuddy,* 762 F.2d at 123. Rasekh has not done so.

First, Rasekh's suggestion is incorrect that the USDA's longstanding pattern of failure to select him for other GS–14 positions would allow a jury to infer discrimination. Rasekh never brought claims of discrimination for the denial of his previous applications for GS–14 positions.[4] He cannot contend that those prior rejections constitute a "continuing violation" without showing that those acts were interrelated and form a common nexus or theme. *See* Valentino v. United States Postal Serv., 674 F.2d 56, 65 (D.C.Cir.1982); *Milton v. Weinberger,* 645 F.2d 1070, 1072 n. 3, 1076–77 (D.C.Cir.1981). However, the Court finds that these previous non-selections were discreet events, independent from one another, that do not constitute a continuing discriminatory violation. Simply stated, Rasekh has submitted no evidence to suggest that the events were somehow interrelated or formed a common nexus.

Second, Rasekh's additional pretext argument that the selection process discounted his "obviously superior credentials" is similarly without merit in the absence of any evidence of superior qualifications on his part. The "plaintiff's subjective belief of qualifications is not evidence that can be used to establish that [he] was qualified for the job." *Harris v. Univ. of the Dist. Of Columbia,* No. CIV.A.87–2631–LFO, 1990 WL 99316, at *5 (D.D.C. July 6, 1990) (citing *Morser v. AT&T Information Sys.,* 703 F.Supp. 1072, 1083 (S.D.N.Y.1989)).

Rasekh's third pretext argument that the USDA used interview questions and an evaluation process to insure that the successful candidate possessed the requisite skills is essentially an argument that the USDA preselected Lazenby and tailored the selection process to insure his eligibility. While the D.C. Circuit has held that an "employer's preselection of a job candidate, in violation of its own procedures requiring fair consideration of qualified applicants, is 'undeniably relevant to the question of discriminatory intent,' " *Kolstad v. Am. Dental Ass'n,* 108 F.3d 1431, 1436 (D.C.Cir.1997) (quoting *Krodel v. Young,* 748 F.2d 701, 709 (D.C.Cir.1984)), Rasekh has provided no such evidence of preselection here. Rasekh merely attempts to weave together certain circumstances,[5] otherwise objectively explainable, as proof of the USDA's intent to preselect Lazenby. In response, the Secretary demonstrates that each individual's involvement, by virtue of his position, expertise, and ethnic diversity, was completely appropriate.[6] Rasekh failed to provide any

---

4. After a 1992 non-selection, Rasekh filed an EEO complaint against the USDA that was subsequently settled by the parties by allowing Rasekh to go on a work detail. Pl.'s Compl. ¶ 11–12.

5. Specifically, Rasekh submits various facts as evidence of pre-selection: (1) the empowerment of Charles Edwards, who was known to be antagonistic to Rasekh, as the selecting official; (2) the appointment by Edwards of Dr. Arshad Hussain, allegedly a close professional colleague of Lazenby, to serve on the BEI panel; and (3) the broadening of quali-

cations and reliance on after-the-fact criteria to showcase Lazenby's talents and select him. Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. at 19–20.

6. Edwards was the Division Director of the Labeling Product & Technology Standards Division, the division in which Rasekh sought a position. Def.'s Reply to Pl.'s Opp'n to Mot. for Summ. J. at 11. Thus, it is not surprising that Edwards would be in charge of the selection process. BEI panel interviews were required for every selection at a GS–13 level or above and do not suggest anything special

evidence that any unfair activities took place in order to secure a pre-selected position for Lazenby.

Because Rasekh is unable to meet his burden to show that the Secretary's legitimate, nondiscriminatory reason for his non-selection was a pretext for discrimination, summary judgment is appropriate with respect to Rasekh's claim of race and national origin discrimination in his January 1999 non-selection.

## B.    Rasekh's Age Discrimination Claim

■■■    The Age Discrimination in Employment Act ("ADEA") prevents the arbitrary discrimination of older persons on the basis of age. 29 U.S.C. § 621. Rasekh, who was 65 years old at the time of his complaint, initially alleged that he was discriminated against because of his age. Pl.'s Compl. ¶¶ 1, 4. Regarding her Motion for Summary Judgment, the Secretary argues that the seven year age difference between Rasekh and the selectee, Lazenby, is insufficient to give rise to an inference of age discrimination. Def.'s Mem. in Supp. of Mot. for Summ. J. at 8–9. While not expressly conceding this assertion, Rasekh does not present any evidence or legal authority to refute the Secretary's argument.[7]  Because the adverse party in a motion for summary judgment must set forth specific facts showing that there is a genuine issue for trial, Fed.R.Civ.P. 56(e), Rasekh's claim of age discrimination does not survive summary judgment.

## C.    Rasekh's Retaliation Claim

■■■    Rasekh further argues that he was denied employment opportunities and subjected to adverse treatment in retaliation for his participation in activities protected under Title VII. Pl.'s Compl. ¶ 27.  The Court disagrees.  Under Title VII, it is unlawful to retaliate against an employee who has "opposed any practice made an unlawful employment practice" by Title VII. 42 U.S.C. § 2000e–3(a).  The framework for analyzing a retaliation claim is similar to the *McDonnell Douglas* formula for discrimination.  First, the plaintiff must make a *prima facie* case of unlawful action by showing that: "(1) plaintiff engaged in [a] protected activity; (2) plaintiff was subjected to adverse action by the employer; and (3) there existed a causal link between the adverse action and the protected activity." *Thomas v. Nat'l Football League Players Ass'n*, 131 F.3d 198, 202 (D.C.Cir.1997).  "To establish an adverse personnel action in the absence of diminution of pay or benefits, [the] plaintiff must show an action with 'materially adverse consequences affecting the terms, conditions, or privileges of employment.'" *Ball v. Tanoue*, 133 F.Supp.2d 84, 89 (D.D.C.2001) (quoting *Brown v. Brody*, 199 F.3d 446, 457 (D.C.Cir.1999)).  Rasekh has not met this *prima facie* burden of production.

■■■    As evidence of retaliation, Rasekh references confrontations that he had with then-Deputy FSIS Administrator, Margaret Glavin ("Glavin").  Pl.'s Mem. of

---

about the selection process within this division. *Id.* Finally, Dr. Hussain's presence on the panel does not give rise to an inference of pre-selection for several reasons.  Hussain was selected because of his subject matter expertise and because of the diversity he brought to the panel. *Id.* at 13.

7.   Rasekh specifically states, "[w]hile plaintiff believes that he can establish a *prima facie*

case of age discrimination, he believes that this claim is not central to full recovery in his case. Accordingly, plaintiff will amend his *Complaint* to eliminate this claim for relief at any appropriate juncture in the litigation." Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. at 2 n. 1. Rasekh, however, has never sought to amend his complaint.

Law in Opp'n to Def.'s Mot. for Summ. J. at 25. In addition, Rasekh cites his membership in the Asian Pacific American Network in Agriculture ("APANA") Harmonization Group, which was formed to address and rectify glass ceiling problems facing Asians in FSIS. *Id.* at 26. Finally, he charges that his filing of EEO complaints in 1992 and 1999 led to adverse and hostile treatment. *Id.* at 26–27. None of these arguments support a theory of retaliation. Confrontations with an administrator such as Glavin do not constitute protected activities as required by Title VII. Moreover, Rasekh's participation in the APANA Harmonization Group did not constitute oppositional activity under Title VII. It further appears from the evidence that Rasekh, in his capacity as an APANA representative, interacted with "members of high management." *Id.* at 26. The evidence suggests that the relationship between FSIS and the Harmonization Group, which ultimately created a publication called the *FSIS/APANA Harmonization Initiative Report*, was a positive and supportive one and not oppositional in any way. *See* Pl. Ex. 10 at 48. At no point does Rasekh ever posit any evidence to suggest an adverse action that is causally related to his oppositional activities. Thus, Rasekh has not met his *prima facie* burden of production to support an inference of retaliation.

### D. Rasekh's Non-selection for the OPPDE Detail

██ Finally, Rasekh asserts that he was discriminated against in his non-selection for a particular work detail to the Department of Animal Production and Safety. Pl.'s Compl. ¶ 18. Under the *McDonnell Douglas* framework, in order for the plaintiff to establish a *prima facie* case, he must show "that he applied and was qualified for a job for which the employer was seeking applicants...." *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817. The D.C. Circuit has held that an employer may not reject an applicant based purely upon a technical qualification (i.e., his GS level). *See Cones v. Shalala*, 199 F.3d 512, 517–18 (D.C.Cir.2000). However, Rasekh's attenuated argument that the USDA request could be interpreted to include GS–13 employees at the "level" of a GS–14 does not constitute evidence that he was qualified for the position. Therefore, Rasekh's claim of discrimination in his non-selection for a detail for which he was not qualified must be dismissed because he has failed to meet his *prima facie* burden of production.

### IV. Order

For the reasons set forth above, it is this 6th day of July, 2004, hereby

**ORDERED** that the defendant's Motion for Summary Judgment [# 29] is **GRANTED**; and it is further

**ORDERED** that the above-captioned action shall be dismissed.

**SO ORDERED.**