**William E. HENDERSON, Plaintiff,**

**v.**

**Condoleezza RICE, Secretary, U.S. Department of State Defendant.**

**No. Civ. 03–884(RJL).**

United States District Court, District of Columbia.

March 31, 2005.

Patricia A. Cresta–Savage, Washington, DC, for Plaintiff.

Stratton Christopher Strand, United States Attorney's Office, Washington, DC, for Defendant.

### *MEMORANDUM OPINION*

LEON, District Judge.

[# 7]

Plaintiff, William E. Henderson ("Henderson"), brings this action against Condoleezza Rice[1] in her official capacity as Secretary of State, under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et. seq.*, for discrimination and retaliation based on race, color, national origin and sex. Before the Court is Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment. Upon consideration of the defendant's motion, plaintiff's opposition, defendant's reply, and the entire record herein, the Court GRANTS the Defendant's Motion for Summary Judgment and dismisses the action with prejudice.

### I. BACKGROUND

Plaintiff, an African–American male, was temporarily employed with the Department of State, American Consulate in Germany as a maintenance man/chauffeur in 1998. Compl. ¶ 5. In 1999, he received a full-time position at the embassy as a supply clerk/storekeeper. *Id.* Later that year, he applied for a Temporary Security Investigator position at the embassy. *Id.* ¶ 7; Aff. of William E. Henderson ¶ 9 ("Henderson Aff."). Plaintiff was not hired, and the position was not filled. Compl. ¶ 7. In March of the following year, plaintiff applied for the position of Permanent Security Investigator. *Id.* ¶ 8. Again he was not hired. *Id.* This time, however, the position was filled by a German female. *Id.* In response, the plaintiff initiated contact with the EEO alleging discrimination in the selection process. Henderson Aff. ¶¶ 14–15.

Undeterred by these events, the plaintiff applied for a Consular Clerk position in July 2000. *Id.* ¶ 17. A female British citizen, however, was hired for that position. Compl. ¶ 19. In response, plaintiff filed a formal complaint with the EEO on August 2, 2000, alleging discrimination in his rejection for the Temporary and Permanent Security Investigator positions, and later amended it to include additional allegations of discrimination and retaliation. *Id.* ¶ 15; Henderson Aff. ¶¶ 13, 22, 32.

In late January 2001, plaintiff was injured and took sick leave. *Id.* ¶ 21. His leave was initially approved through April

---

**1.** The complaint initially named Colin Powell, in his official capacity as Secretary of State, as the defendant in this action. The Court has substituted Secretary Powell with his successor, Condoleezza Rice. *See* Fed. R. Civ. P. 25(d)(1).

30, 2001. *Id.* However, plaintiff was issued a letter of reprimand for unexcused absences on May 1 and 2 and was denied two days' pay when he failed to report to work. *Id.* ¶ 24. On May 3, he notified his supervisor in writing that medical reasons, namely surgery on May 9, would keep him out of work through May 16, 2001. *Id.* ¶¶ 21–22. His sick leave was continued thereafter, with approval, from June to mid-August 2001. *Id.* ¶ 25. Ultimately, plaintiff was terminated on March 25, 2002 because his services were "no longer needed" at the Consulate. *Id.* ¶ 37.

Plaintiff filed this suit in April 2003 alleging that he was discriminated against based on race, sex and national origin when he was not hired for the Temporary Security Investigator position, the Permanent Security Investigator position, and the Consular Clerk position at the American Consulate in Germany. *Id.* ¶¶ 41–50. Plaintiff further alleged that the Department of State retaliated against him by: (1) not hiring him for the Consular Clerk position, (2) reprimanding him while on sick leave, and ultimately (3) by terminating him. *Id.* ¶¶ 51–61.

## II. ANALYSIS

Presently before the Court is Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgement. Because the parties have submitted, and this Court has considered, matters outside the pleadings, the defendant's motion is treated as one for summary judgment. *See* FED. R. CIV. P. 12(b). Summary judgment is appropriate when the pleadings and the record demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The party seeking summary judgment may support its motion by "identifying those portions of the pleadings, de-

positions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *See Celotex v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting FED. R. CIV. P. 56(c)).

In opposing summary judgment, the "nonmoving party [must] go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548 (quoting FED. R. CIV. P. 56(c), (e)). The Court must view the facts in the light most favorable to the non-movant, giving the non-movant the benefit of all justifiable inferences derived from the evidence in the record. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The basis for the plaintiff's Title VII claims are "failure to hire" and "retaliation." *See* Compl. ¶¶ 41–61. In *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the Supreme Court set forth the three-step evidentiary standard to evaluate a summary judgment in a case for discrimination or retaliation under Title VII, and required that the plaintiff first establish a *prima facie* case. *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. 1817. For the following reasons, the Court concludes that the plaintiff has failed to do so in this case and must therefore GRANT the defendant's motion.

### A. Failure to Hire

■ To prove a *prima facie* case for failure to hire, the plaintiff must show: (1) he belongs to a racial minority, (2) he was qualified for the job for which an employer was seeking applicants, (3) despite those qualifications, he was rejected, and (4) fol-

lowing the rejection the job remained open and the employer continued to seek applicants with plaintiff's qualifications. *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. 1817. Plaintiff argues that the defendant "failed to hire" him in violation of Title VII for three positions: (1) Temporary Security Investigator; (2) Permanent Security Investigator; and (3) Consular Clerk. Plaintiff has failed to establish a *prima facie* case as to each.

### 1. The Temporary Security Investigator Position

 Plaintiff failed to establish a *prima facie* case for discrimination with respect to the Temporary Security Investigator position because the position did not remain open. The fourth prong of the *McDonnell Douglas* test requires that the position remain open after the plaintiff is rejected in order to establish a *prima facie* case. *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. 1817. The hiring officer, Mr. Martin Kraus, interviewed Mr. Henderson and other candidates. Compl. ¶ 7. Initially, Mr. Kraus selected a candidate more qualified than the plaintiff, who then turned down the job. *Id.* Instead of hiring another candidate, including the plaintiff, Mr. Kraus decided to leave the position vacant. *Id.* Accordingly, because the position did not remain open, the plaintiff has not established a *prima facie* case as to the Temporary Security Investigator Position. *See McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. 1817 (accepting the respondent's failure to hire claim for a mechanics position, under Title VII, where the peti-

tioner employer continued to seek mechanics after rejecting the respondent).

### 2. The Permanent Security Investigator Position

 The plaintiff failed to establish a *prima facie* case with respect to the Permanent Security Investigator Position because he was not qualified for the position. *McDonnell Douglas* requires that the applicant claiming discrimination in a failure to hire situation be qualified for the position.[2] 411 U.S. at 802, 93 S.Ct. 1817. The plaintiff admits that he "met some and not all qualifications...." Henderson Aff. ¶ 9. By the plaintiff's own admission, therefore, he was not qualified for the job and, as a result, he has not established a *prima facie* case for discrimination with regards to the Permanent Security Investigator job.

### 3. The Consular Clerk Position

 Like the Permanent Security Investigator Position, the plaintiff has similarly failed to establish a *prima facie* case for the Consular Clerk position due to lack of necessary qualifications. The vacancy announcement for the Consular Clerk position required "[f]luent spoken English and German." Def.'s Mot. to Dismiss, or in the Alternative, Summ. J. ("Def.'s Mot."), Govt.'s Ex. E. In his application for the position, plaintiff described his German speaking and understanding skills as merely "good," not fluent. *Id.* at Ex. F; *see also* Pl's Stat. of Genuine Issues ¶ 15. Although the D.C. Circuit Court has held that an employer may not reject an applicant purely based on a technical qualification, *see Cones v. Shalala,* 199 F.3d 512,

---

2. Plaintiff argues that complete qualification for the position is unnecessary because the application allowed for hiring a less qualified candidate at a training level. Henderson Aff. ¶ 12. The Court is not persuaded by this argument. The mere fact that the application allows flexibility for training applicants who do not meet all the qualifications, does not necessarily mean that the agency *must* hire applicants who do not meet the qualifications. *See Tolson v. James,* 315 F.Supp.2d 110, 117 (D.D.C.2004) ("[A]n employer's personnel decision—such as the choice of relevant qualifications—simply cannot be second guessed.").

517–18 (D.C.Cir.2000); *Rasekh v. Veneman*, No. 01–1169, 2004 WL 3168206, at *5 (D.D.C. July 6, 2004), language proficiency requirements are not mere technicalities. Indeed, language proficiency is necessary for effective communication, especially when, as here, the plaintiff applied to be a representative of the United States as a consulate employee in Germany. Thus, without German fluency, the plaintiff does not meet the minimum qualifications, *see Bray v. Georgetown University*, 917 F.Supp. 55, 59 (D.D.C.1996) (determining that the plaintiff was a qualified applicant because he met the *minimum* qualifications for the job), and the plaintiff has not stated a *prima facie* for discrimination when he did not receive the Consular Clerk position.

## B. Retaliation

■ To establish a *prima facie* case of retaliation, the plaintiff must show: (1) he engaged in protected activity, (2) he suffered an adverse employment action, and (3) a causal connection exists between the protected activity and the adverse action. *Holbrook v. Reno*, 196 F.3d 255, 263 (D.C.Cir.1999). Causal connection requires that the responsible officials knew of the protected activity and that the adverse action occurred "shortly after" the protected activity. *Mitchell v. Baldrige*, 759 F.2d 80, 86 (D.C.Cir.1985). The plaintiff has failed to establish a *prima facie* case for retaliation as to each alleged incident.

### 1. Retaliation by Non–Selection for the Consular Clerk Position

■ The plaintiff cannot establish a causal connection between the EEO activity and his non-selection for the Consular Clerk position because he has not sufficiently demonstrated that the selecting official, Ms. Linda Hoover, knew of his prior EEO activity. *See Holbrook*, 196 F.3d at 263 (holding that the plaintiff failed to prove causation because the plaintiff failed to prove the employer knew of an EEO complaint). In support of this claim, plaintiff stated that "on information and belief" the hiring official was aware of his EEO counseling. Henderson Aff. ¶ 17. However, affidavits supported by "information and belief," without more, are not sufficient to raise a question of fact with respect to Ms. Hoover's knowledge of plaintiff's prior EEO activity. *Automatic Radio Mfg. Co. v. Hazeltine Research*, 339 U.S. 827, 831, 70 S.Ct. 894, 94 L.Ed. 1312 (1950); FED. R. CIV. P. 56(e) (requiring that affidavits be made on personal knowledge, admissible as evidence and show that the affiant is competent to testify therein). Indeed, and to the contrary, defendant submitted an affidavit wherein Ms. Hoover stated with *personal knowledge* that she was unaware of the plaintiff's EEO activity when she selected someone else for the position. Decl. of Linda R. Hoover ¶ 3. Thus, the plaintiff has not shown causation because he has failed to show that Ms. Hoover had knowledge of his EEO complaint when she failed to hire him for the consular clerk position.[3]

### 2. Retaliation by Reprimand

■ Plaintiff's reprimand is not an "adverse action" and thus the plaintiff has

**3.** Furthermore, Ms. Hoover's lack of knowledge is supported by the circumstantial evidence that she began working two weeks before the plaintiff was interviewed and two weeks after the complaint was filed. Decl. of Linda R. Hoover ¶¶ 2–3; Compl. ¶ 15. Nevertheless, even if the plaintiff could establish knowledge, the claim would still fail because the plaintiff has not rebutted the legitimate, non-discriminatory reasons for his failure to be hired (i.e., that he was not qualified for the job).

not established a *prima facie* case for retaliation. To establish an adverse employment action, plaintiff must show an action that results in "objectively tangible harm." *Brown v. Brody*, 199 F.3d 446, 457 (D.C.Cir.1999). Furthermore, a reprimand that "amounts to a mere scolding, without any disciplinary action which follows, does not rise to the level of adverse action." *Childers v. Slater*, 44 F.Supp.2d 8, 20 (D.D.C.1999); *see also Stewart v. Evans*, 275 F.3d 1126, 1136 (D.C.Cir.2002) ("This Court has held that formal criticisms or reprimands, without any additional disciplinary action such as a change in grade, salary, or other benefits, do not constitute adverse employment actions."). Plaintiff has not alleged that he suffered any tangible harm, other than the docking of two days pay for his unexcused absence from work. Henderson Aff. ¶ 26. However, an employee must be "otherwise entitled" to the employment benefits withheld to establish a claim for adverse employment action. *Carney v. American University*, 151 F.3d 1090, 1095 (D.C.Cir.1998).

 Here, the plaintiff neither attended nor called into work as required under his employment contract. Indeed, the plaintiff admits that he did not comply with the procedures for extending his absence due to sick leave when he failed to provide written notice to his supervisor. Henderson Aff. ¶ 25. Thus, the plaintiff is not "otherwise entitled" to the two days pay given that he did not have approval for sick leave and did not work. *See Carney*, 151 F.3d at 1095. Accordingly, plaintiff's letter of reprimand does not constitute adverse employment action and plaintiff has failed to state a *prima facie* case of retaliation.

*3. Retaliation by Termination*

 Finally, plaintiff has failed to establish a causal connection between the protected EEO activity and his discharge from employment with the Consulate. As noted previously, causation requires the plaintiff to show both knowledge and timeliness. *Baldrige*, 759 F.2d at 86. The Supreme Court has said that a twenty month lapse between protected activity and retaliatory actions cannot alone establish causality. *Clark County School District v. Breeden*, 532 U.S. 268, 273–74, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001) ("Action taken (as here) 20 months later suggests, by itself, no causality at all."); *see also Devera v. Adams*, 874 F.Supp. 17, 21 (D.D.C.1995) (stating that an eight month lapse does not strongly suggest a causal link); *Garrett v. Lujan*, 799 F.Supp. 198, 202 (D.D.C.1992) (holding a lapse of one year as too long to infer retaliation). Plaintiff initiated the EEO process on May 27, 2000 and was terminated on March 22, 2002, nearly twenty-two months later. Compl. ¶¶ 15, 37. His formal complaint to the EEOC was filed in August of 2000. *Id.* ¶ 15. Even with August as the start date of protected activity, more than one year lapsed. Given that the time period is between one and two years, the lapse is too significant to infer causation. *Garrett*, 799 F.Supp. at 202. Accordingly, plaintiff has not established a causal connection between the EEO activity and his termination, and thus the plaintiff has not established a *prima facie* case for retaliation by termination.

### III. CONCLUSION

For the foregoing reasons, the plaintiff failed to establish a *prima facie* case for any of his Title VII claims. Accordingly, judgment is entered in favor of the defendant and the case is dismissed with prejudice. An appropriate order is filed contemporaneously herewith.